### Harry Berigow *vs*. Joseph Davis et als.

Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.

Argued March 10th—decided April 18th, 1933.

*Sidney Vogel*, for the appellant (plaintiff).

*Nehemiah Candee* and *Robert M. Wolfe, Jr.*, for the appellee (defendant Hauck), with whom, on the brief, was *John T. Dwyer*, for the appellee (defendant Board of Appeals).

Banks, J.   This is an appeal to the Court of Common Pleas from the action of the zoning board of appeals of Norwalk upon an application for permis-

sion to sell gasoline at 86 Gregory Boulevard in the town of Norwalk. The court erased the appeal from the docket for want of jurisdiction apparent upon the record, upon the ground that, under the applicable statutory provisions, an appeal from such action lay only to the Superior Court. The appeal contained the following allegations: Ferdinand L. Hauck filed an application with the motor vehicle commissioner for a license to sell gasoline at 86 Gregory Boulevard, in Norwalk, upon which application the zoning board of appeals of Norwalk, after due notice, held a hearing, in obedience to the statute in such case made and provided, and thereafter granted the application. The appellant owns property adjoining that upon which such gasoline station is located, and both premises are in a "C Residence Zone," in which zone, under the zoning regulations of Norwalk, no business is permitted to be conducted. The appellant is aggrieved by the action of the zoning board of appeals in permitting the operation of a gasoline station in a residence zone contrary to law.

Chapter 84 of the General Statutes, §§ 1659 to 1683 inclusive, contains provisions regulating the sale in this State of gasoline and motor oils. Section 1660 provides that no person shall sell such products without first having received from the commissioner of motor vehicles a license so to do, and § 1662 provides that any person desiring such license shall first obtain and present to the commissioner of motor vehicles "a certificate of approval of the location for which such license is desired from the selectmen or town manager of the town, the mayor of the city or the warden of the borough, wherein the station or pump is located or is proposed to be located, except in any city or town having a zoning commission and a board of appeals, in which case such certificate shall be obtained from the

board of appeals." Section 1663, as amended by § 311a, Cum. Sup. 1931, provides that no such certificate shall be issued until after due notice and hearing and a finding by the issuing authority of public convenience and necessity, and suitability of person and place, as therein required. Section 1665 provides for an appeal to the Superior Court from any action of such issuing authority.

The appellant contends that it does not necessarily appear upon this record that this proceeding was one brought under this Chapter of the General Statutes regulating the issuance of licenses for the sale of gasoline, and providing for an appeal to the Superior Court only, and that the proceeding may be considered as one arising under the zoning regulations of Chapter 29 of the General Statutes, in which provision is made for an appeal either to the Court of Common Pleas or the Superior Court. General Statutes, § 429. The allegations of the appeal, which we have recited in substance, negative that contention. The action of the zoning board of appeals was taken upon an application for a license to sell gasoline, which could only have been made in accordance with the provisions of Chapter 84 of the General Statutes, and the procedure therein prescribed was followed throughout except that the appeal from the action of the zoning board of appeals was taken to the Court of Common Pleas instead of to the Superior Court. The appellant could not, by the assertion of a claim that the granting of the license would result in a violation of the zoning regulations, convert the proceeding into one arising under the zoning statutes.

Section 429 provides that any person aggrieved by any decision of a zoning board of appeals of any municipality may appeal to the Court of Common Pleas or the Superior Court of the county in which such

municipality is located. This general provision, if standing alone, is broad enough to include the present appeal which is from a decision of a zoning board of appeals. It is apparent, however, that the legislature has not conferred a right of appeal to the Court of Common Pleas from a decision upon an application for a license to sell gasoline by reason of the language of this section giving a right to such an appeal from a decision under the zoning statutes. It so happens that the zoning board of appeals is the administrative board having jurisdiction to make decisions under these widely separated statutes, each dealing with a subject-matter and procedure quite distinct from the other. The right of appeal given by § 429 is a right of appeal from any decision of the zoning board of appeals upon a matter committed to its jurisdiction under the zoning laws contained in Chapter 29 of the General Statutes, and extends no further. The right of appeal from any decision of the zoning board of appeals sitting as an administrative board for the granting of a certificate of approval of a location for a gasoline station under § 1662, is that, and that only, conferred by § 1665. The particular provision in that section as to appeals in the cases therein referred to constitutes an exception to the general provision in § 429 with regard to appeals from the zoning board of appeals. *Kelly* v. *Dewey*, 111 Conn. 281, 149 Atl. 840; *Wardell* v. *Killingly*, 97 Conn. 423, 117 Atl. 520.

The appeal should have been taken to the Superior Court in accordance with the provisions of § 1665. The lack of jurisdiction of the Court of Common Pleas appears plainly upon the face of the record, and the motion to erase the appeal from the docket for want of jurisdiction was properly granted.

There is no error.

In this opinion the other judges concurred.