THE COLONIAL BEACON OIL COMPANY *v.* THE ZONING BOARD OF APPEALS.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued October 8—decided December 5, 1941.

*W. Arthur Countryman, Jr.,* for the appellant (plaintiff).

*Harold Borden,* with whom, on the brief, was *Vincent W. Dennis,* for the appellee (defendant).

ELLS, J. In its appeal to the Superior Court the plaintiff alleged that it applied to the defendant board for a certificate of approval of certain land leased by it, to be used as a gasoline station; that after due notice given, the board held a hearing on October 8, 1940, and on October 22, 1940, denied the application and refused to issue a certificate of approval on the ground of traffic hazard; that the location is suitable for the purpose; and that the defendant acted illegally, arbitrarily and in abuse of its legal discretion.

The trial court found that a hearing was held by the board on October 8, 1940, upon due notice, at which the plaintiff explained the application, nobody appeared in opposition, no adverse evidence was re-

ceived and the application was tabled. On October 22d the board held a hearing on various other matters, and allowed the representative of a protesting competitor to make a statement concerning the plaintiff's application and what he claimed were the hazards connected with the use of the location. In executive session immediately following, the board voted to deny the application because of traffic hazards. No notice was given the plaintiff that its application was to be heard at this meeting, and it had no opportunity to be represented or be heard. The plaintiff does not attack the finding of these facts.

The court concluded that the action of the board was arbitrary and illegal in that it denied the application after the second hearing without giving the plaintiff notice of the hearing and an opportunity to be heard, and therefore that it failed to hold a proper and legal hearing upon the plaintiff's application. It further concluded that the board acted arbitrarily in that it denied the plaintiff's application without evidence as to the unsuitability of the proposed location. Judgment was entered setting aside the action of the board in denying the application, and denying the plaintiff's prayer that the defendant be directed to issue a certificate of approval.

The court's first conclusion was correct, and is decisive of the appeal. The board did not hold the hearing required by the governing statute, which prescribes as a prerequisite to action by the board a hearing upon notice. General Statutes, Cum. Sup. 1935, § 647c. This means a full and fair hearing at which the party affected has an opportunity to be present. *Beaverdale Memorial Park, Inc.* v. *Danaher,* 127 Conn. 175, 182, 15 Atl. (2d) 17, and see *Reardon* v. *Dental Commission,* 128 Conn. 116, 119, 20 Atl. (2d) 622. The plaintiff contends that the first hearing,

having been held upon proper statutory notice and no one having appeared in opposition, constituted a legal hearing upon the application, and that based upon it the court should have ordered the defendant to issue a certificate of approval. The hearing consisted of the two proceedings before the board. The action of the defendant in denying the application immediately after hearing the opposition, without notice to the plaintiff and an opportunity to be present and heard, invalidated the entire proceeding.

It necessarily follows that the court was correct in concluding that, there having been no legal hearing before the board, the court, upon an appeal to it, had no original jurisdiction to hear the matter. The board did not act under the authority of zoning regulations. *Berigow* v. *Davis,* 116 Conn. 553, 555, 165 Atl. 790. The appeal was from the action of an administrative board, constituted by § 647c, supra, as the local authority by which the question of the suitability of a proposed location for the sale of gasoline was to be determined, subject to an appeal to the Superior Court. The function of that court upon such an appeal is to decide whether the board acted illegally, as upon a hearing without valid notice, or arbitrarily and in abuse of its legal discretion. *Modeste* v. *Public Utilities Commission,* 97 Conn. 453, 458, 117 Atl. 494. The appeal is not one in the sense of a transfer of jurisdiction from one court to another. It is a process for invoking the judicial power to determine a legal injury complained of, or the legality of an act done by the officers of another department. *Beaverdale Memorial Park, Inc.* v. *Danaher,* supra, 182. The court hears evidence upon such an appeal only for the purpose of finding what the facts are, upon the basis of an assumption that the administrative board acted upon them. *Beaverdale Memorial Park, Inc.* v. *Danaher,*

supra. It cannot, upon facts found by itself or upon the record of the proceeding before the board, substitute its discretion for that reposed in the board. *De Palma* v. *Town Plan Commission of Greenwich,* 123 Conn. 257, 266, 193 Atl. 868. The court could direct a certificate to be issued by the board only where, upon the record of the proceedings before it or upon the facts found by it and assumed to be before the board, the only reasonable conclusion would be that the applicant was entitled to receive the certificate. Thus, in *Levine* v. *Zoning Board of Appeals of Meriden,* 124 Conn. 53, 58, 198 Atl. 173, it appeared that the denial of a certificate of occupancy had no basis in fact, and we ordered the trial court to direct the defendant board to issue a license under certain conditions to be determined by the latter. While in this case it appears that no one other than the plaintiff appeared at the first hearing, it does not follow that the mere statement it offered in explanation of its application was sufficient to establish, as the only reasonable conclusion, that the location was suitable. The trial court committed no error in refusing to direct the board to issue the certificate.

The plaintiff now has the remedy of a proper hearing and decision by the board upon a new application. In view of the basis of this decision, the board will not necessarily be concluded by its action in denying the application. *Torello* v. *Board of Zoning Appeals of New Haven,* 127 Conn. 307, 312, 16 Atl. (2d) 591.

There is no error.

In this opinion the other judges concurred.