EXECUTIVE TELEVISION CORPORATION *v.* ZONING BOARD OF APPEALS OF THE CITY OF DANBURY

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued November 13, 1951—decided January 8, 1952

*William Hanna,* for the appellant (plaintiff).

*Bernard S. Peck,* with whom, on the brief, was *Rocco E. LaCava,* for the appellee (defendant).

O'SULLIVAN, J. In conformity with § 2538 of the General Statutes, the plaintiff applied to the defendant for a certificate approving certain premises in Danbury as a suitable site for the sale of gasoline. After the defendant had refused to issue the certificate, the plaintiff appealed to the Court of Common Pleas. The court dismissed the appeal, and from the judgment entered thereon the plaintiff has appealed to this court.

The facts are undisputed. White Street in Danbury runs east and west and has sidewalks on both sides. It is a heavily traveled thoroughfare with a posted speed limit of twenty-five miles per hour. Building lines have been established twenty-five feet from the curbs. In the vicinity of the site in question, the street is paved with concrete and is thirty-three feet wide. There are no curves or hills to interfere with visibility along the street for several hundred feet in either direction.

Cole Place extends southerly from White Street for about 300 feet and comes to a dead end. It bears very little traffic. The plaintiff occupies premises at the southwest corner of the intersection of the two streets. The premises have a frontage of 65 feet on White Street and 160 feet on Cole Place. The site is in a business zone, and for several blocks along White Street in each direction real property is devoted to business purposes. The plaintiff has had erected on its premises a fireproof building about 130 feet long and 30 feet wide. It is equipping the building with machinery designed to wash automobiles with unusual speed, a business in which it proposes to engage. The cost of the project, when completed, will approximate $60,000. When the place is ready to begin operations, the plain-

tiff plans to have the automobiles enter the rear end of the building from Cole Place. They will then proceed through the washing process and exit from the front of the building to an areaway extending to the southerly sidewalk on White Street, over twenty feet away. From this areaway a driveway leads to White Street for those wishing to go westerly, and another leads to Cole Place for those going easterly.

On November 30, 1950, the plaintiff made its application for approval of the site. A hearing thereon was held on December 14 and again on December 20. During the course of these hearings, the plaintiff furnished the defendant with a blueprint of the premises showing the location of the building, the driveways and two proposed pumps. The pumps were to be installed in the areaway in front of the building at a point about sixteen feet from the nearest edge of the sidewalk on White Street. The plaintiff explained that the sale of gasoline was intended to be incidental to its new business venture and was to be chiefly, although not exclusively, for the convenience of those having their cars washed.

A six-pump gasoline station is directly across White Street from the plaintiff's property. There are no churches, schools, theaters, playhouses or other places of public gathering near enough to be factors in determining whether the certificate should be granted. The proposed use of the premises is permissible under the existing zoning law. At the conclusion of the hearing on December 20, the defendant, immediately, unanimously and without deliberation, rejected the application. It gave no reason for its action either in its own record or to the court on appeal.

The problem presented to the court was whether, in the light of the facts narrated above, the defendant had acted arbitrarily, illegally or so unreasonably as to have

abused its discretion. *Blake* v. *Board of Appeals*, 117 Conn. 527, 532, 169 A. 195. The burden of proving that the defendant acted improperly was upon the plaintiff. *Perdue* v. *Zoning Board of Appeals*, 118 Conn. 174, 178, 171 A. 26. The court came to the conclusion that this burden had not been sustained and dismissed the appeal. The plaintiff claims that this was error since, as the court expressly found, no evidence had been offered before the defendant from which it could reasonably determine that the use of the premises as a gasoline station would unduly imperil the safety of the public. The plaintiff maintains that, in the absence of such evidence, the defendant's refusal to issue the certificate was arbitrary and unreasonable.

There can be no doubt about the wide discretion attaching to the defendant as an administrative agency of government. *Kamerman* v. *LeRoy*, 133 Conn. 232, 235, 50 A. 2d 175. It is a discretion which may be overruled only if the defendant has not acted fairly or with proper motives or upon valid reasons. *First National Bank & Trust Co.* v. *Zoning Board of Appeals*, 126 Conn. 228, 237, 10 A. 2d 691. As previously indicated, the defendant gave no reason for its action. In proceedings under existing statutes for a certificate approving a site for a gasoline station, such a deficiency in the record is not of great moment, since there can be but one lawful reason under § 2539[1] for refusing to issue the certificate, i.e., that the selling of gasoline on the proposed site will unduly imperil the safety of the

---

[1] The pertinent part of General Statutes, § 2539, reads: "No such certificate shall be issued unless such . . . board of appeals shall find that such location is suitable for the sale of gasoline and other products, due consideration being given to the proximity of schools, churches, theatres or playhouses or other places of public gatherings, intersecting streets, traffic conditions, width of highway and effect of public travel, and that such use of such proposed location will not imperil the safety of the public."

public. *Mrowka* v. *Board of Zoning Appeals*, 134 Conn. 149, 153, 55 A. 2d 909.[1]

In the light of the circumstances disclosed by the facts previously enumerated, the defendant could not reasonably have concluded that the safety of the public would be unduly imperiled. *Strain* v. *Mims*, 123 Conn. 275, 288, 193 A. 754. White Street is a heavily traveled thoroughfare, but such highways naturally require gasoline stations to accommodate the traveler. Thus, as we have stated, directly across the street from the plaintiff's premises is a station equipped with six pumps for that very purpose. The statute requires that before issuing a certificate due consideration should be given "to the proximity of schools, churches, theatres or playhouses or other places of public gatherings." Those considerations could not properly have influenced the defendant's decision, since there were no such buildings or places in the neighborhood.

The record discloses no evidence to indicate any additional hazard if permission were given to install and operate the two pumps. Most of the automobiles to be serviced by the plaintiff will arrive by way of Cole Place, a dead-end street on which there is no traffic problem. Persons wishing to have their cars washed by the plaintiff will drive upon its premises from there and will leave by one of the front exits, whether or not gasoline is to be sold. In short, there was nothing be-

---

[1] Other cases involving applications for certificates of approval of sites for gasoline stations are: *Dadukian* v. *Zoning Board of Appeals*, 135 Conn. 706, 68 A. 2d 123; *Colonial Beacon Oil Co.* v. *Zoning Board of Appeals*, 128 Conn. 351, 23 A. 2d 151; *Connecticut Baptist Convention* v. *Murphy*, 128 Conn. 261, 22 A. 2d 13; *St. John's Roman Catholic Church* v. *Board of Adjustment or Appeals*, 125 Conn. 714, 8 A. 2d 1; *Burr* v. *Rago*, 120 Conn. 287, 180 A. 444; *Perdue* v. *Zoning Board of Appeals*, 118 Conn. 174, 171 A. 26; *Holley* v. *Sunderland*, 110 Conn. 80, 147 A. 300; *DeFlumeri* v. *Sunderland*, 109 Conn. 583, 145 A. 48.

fore the defendant which in reason suggested any undue danger to the public.

The court concluded (1) that, while the number of automobiles entering upon the plaintiff's premises would increase if gasoline was sold thereon, there was no evidence of any additional hazard arising therefrom, and (2) that "[t]here was no evidence offered before the [defendant] from which it could reasonably conclude that the use of such location for a filling station would imperil the safety of the public." On the basis of these two conclusions, each one of which finds ample support in the subordinate facts, the defendant's action was clearly arbitrary and unreasonable. In spite of this, the court dismissed the appeal. It did so, apparently, as the result of its third conclusion, that "[t]he burden of showing that the [defendant] acted illegally or arbitrarily is on the [plaintiff] and this burden has not been sustained."

There is an inconsistency between the last conclusion and the other two. Having established that there was no basis upon which the defendant could have determined that the safety of the public would be unduly imperiled, the plaintiff had met the full burden imposed upon it. The third conclusion must be stricken. The appeal should have been sustained, and, since upon the record before the court the only reasonable conclusion is that the plaintiff was entitled to receive a certification of approval, the defendant should have been directed to issue it. *Colonial Beacon Oil Co.* v. *Zoning Board of Appeals,* 128 Conn. 351, 355, 23 A. 2d 151; *Levine* v. *Zoning Board of Appeals,* 124 Conn. 53, 59, 198 A. 173.

There is error, the judgment is set aside and the case is remanded to the Court of Common Pleas with direction to render judgment sustaining the appeal and

directing the defendant to issue the requested certificate of approval to the plaintiff.

In this opinion the other judges concurred.