NATHAN HERRUP ET AL. *v.* CITY OF HARTFORD ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, QUINLAN and WYNNE, JS.

Argued December 1, 1953—decided February 9, 1954

*Frank A. Murphy,* assistant corporation counsel, with whom were *Robert K. Killian,* assistant corporation counsel, and, on the brief, *Samuel Gould,* corporation counsel, for the appellants (defendants).

*William J. Galvin, Jr.,* for the appellees (plaintiffs).

O'SULLIVAN, J.   The following facts are undisputed: The plaintiff Herrup is the owner, and the plaintiff The Atlantic Refining Company the tenant, of premises situated at the corner of Capitol Avenue and Beacon Street in the city of Hartford. Since 1945 these premises have been located, under the zoning ordinance, in a business zone No. 1. On October 4 of that year, The Atlantic Refining Company, to be called the company, applied to the zoning board of appeals for a certificate of approval of the premises as a site for a gasoline filling station. General Statutes § 2538.  In order that the property might be used for this purpose, the company accompanied the application with another which, for reasons given elsewhere in this opinion, could be broadly treated as a request to the board to grant what the defendants have referred to as a "variance" of the ordinance.  The latter application was based on § 42-20 (5) (d) of the Hartford zoning ordinance, the material part of which is quoted in the footnote.[1]

After a public hearing, the board denied both ap-

---

[1] "Sec. 42-20.   BOARD OF APPEALS.  The zoning board of appeals . . . shall have the following powers: . . . 5.   On petition, after public notice and hearing and subject to appropriate conditions and safeguards, [to] determine and vary the application of the regulations herein established in harmony with their general purpose and intent, and may authorize the bureau of licenses and permits to grant permits in the specific cases hereinafter listed.   Such power shall be

plications. The company then appealed to the Court of Common Pleas, but the appeal, docketed as case No. 45361 in Hartford County, was taken only from the board's refusal to issue a certificate of approval. The court sustained the appeal and directed the board to issue the requested certificate of approval. From the judgment rendered, the board appealed to this court, but on September 27, 1946, the appeal was withdrawn. Since then, the company and Herrup have frequently requested the board to issue the certificate of approval ordered by the court. They have also applied to the defendant Ennis, as building inspector, for a certificate of occupancy and a building permit, both of which must be obtained before the plaintiffs can open a gasoline station. The board and Ennis have refused to comply with these several requests. They base their refusal on the ground that the ordinance forbids the use of property in a business zone for a gasoline station unless a "variance" is authorized under § 42-20 (5) (d) and that since no variance was granted they cannot issue certificates to assist the plaintiffs in violating the provisions of the zoning ordinance.

The plaintiffs have brought this action against the city and Ennis and have asked for a declaratory judgment to determine whether § 42-20 (5) (d) of the zoning ordinance is invalid and whether they are entitled to use their premises as a retail gasoline station. As further relief, they have sought an order commanding the defendants to issue a certifi-

exercised only if there is difficulty or unreasonable hardship in carrying out the strict letter of this chapter and so that the spirit of the chapter shall be observed, public welfare and safety secured and substantial justice done. . . . (d) For buildings to be used for storage or repair, or service of motor vehicles, or for gasoline filling stations in any business zone. . . ."

cate of approval and a certificate of occupancy so that, upon receipt of a license from the commissioner of motor vehicles, the sale of gasoline at retail may be conducted on the premises. The court concluded (1) that § 42-20 (5) (d) is invalid because no standards are set up to guide the board in taking action under it, and (2) that the judgment in case No. 45361 determined the issues raised in the case at bar. On the basis of these conclusions the court ordered that the two certificates be issued. From the judgment rendered the defendants have appealed to this court, assigning error in the conclusions mentioned above.

In 1945, an individual wishing to operate a gasoline filling station had to obtain from the commissioner of motor vehicles a license to sell gasoline. General Statutes, Sup. 1941, § 242f (Rev. 1949, § 2536). The license could not be issued until the applicant had presented to the commissioner a certificate of approval of the location of the proposed station. Cum. Sup. 1939, § 552e (Rev. 1949, § 2538). This section further provided that the certificate should be obtained from the zoning board of appeals, if one existed in the municipality where the land lay, or, if not, then from certain other enumerated public officials. Since there was a zoning board of appeals in Hartford, the company applied to it for the certificate of approval. At the same time, it filed with the board an application for a certificate of occupancy, previously referred to as an application for what the defendants have called a "variance." This application was originally made to the building inspector and was carried from him by appeal to the zoning board of appeals. The certificate of occupancy was requested in conformance with a provision of the zoning ordinance (§ 42-21)

that "[n]o land shall be occupied or used . . . for any purpose whatsoever until a certificate of occupancy has been issued . . . stating that the premises . . . compl[y] with all the provisions" of the ordinance. Since the plaintiffs' property was located in a zone within which, as the ordinance provided, no land could be used for a gasoline station unless the zoning board of appeals granted permission, the application for the certificate of occupancy was, in effect, a request for what the defendants have referred to as a variance. The plaintiffs, to the contrary, insist that it was an exception which they sought. We need not take a position on this phase of the disagreement between the parties except to observe that, although § 42-20 (5) (d) is designed to permit the board to grant an exception as distinguished from a variance, the requirement that this power be exercised only when "difficulty or unreasonable hardship" is encountered would appear to have set up a hybrid test for the guidance of the board. See *Mitchell Land Co.* v. *Planning & Zoning Board of Appeals,* 140 Conn. 527, 531, 102 A.2d 316. The fact is that the determination of the true nature of the plaintiffs' request is entirely unnecessary to the disposition of the appeal. The significant factor is that the plaintiffs were seeking special permission to utilize their property and that until that permission was granted the provisions of the ordinance would preclude the board from ordering the issuance of a certificate of occupancy.

The board heard and subsequently denied both applications, but in doing so it acted in different capacities. Thus, in passing upon the application for a certificate of approval, it did not function under authority of the zoning ordinance. *Berigow* v. *Davis,* 116 Conn. 553, 555, 165 A. 790. Its authority

came from the statutes. Cum. Sup. 1939, § 552e (Rev. 1949, § 2538); Cum. Sup. 1935, § 647c (Rev. 1949, § 2539). It was serving as the local agency named by the General Assembly to determine the suitability of the plaintiffs' property for the retail sale of gasoline. *Colonial Beacon Oil Co.* v. *Zoning Board of Appeals,* 128 Conn. 351, 354, 23 A.2d 151. On the other hand, in passing upon the application for a "variance," the board was exercising authority derived exclusively from the ordinance. This dual capacity of the board is further accentuated in considering the divergent tests which it was required to apply. In the case of the application for a certificate of approval, the test was basically one of safety. Cum. Sup. 1935, § 647c (Rev. 1949, § 2539).[1] The test for passing upon the application seeking a certificate of occupancy was whether the use of the plaintiffs' property as a gasoline station was forbidden by the zoning ordinance. Hartford Zoning Ordinance §§ 42-20, 42-21.

We have dealt at this length on the different capacities of the board to demonstrate that the respective refusals to grant the two applications were legally as distinct as if each had been the action of a separate administrative agency. When, then, the company appealed to the Court of Common Pleas from the denial of its application for a certificate of approval, the issues raised by that appeal dealt solely with the legality of the denial of that application,

[1] "Sec. 647c. HEARING AND FINDING OF SUITABILITY. . . . No such certificate shall be issued unless such . . . board of appeals shall find that such location is suitable for the sale of gasoline and other products, due consideration being given to the proximity of schools, churches, theatres or playhouses or other places of public gatherings, intersecting streets, traffic conditions, width of highway and effect of public travel, and that such use of such proposed location will not imperil the safety of the public. . . ."

and the court went no further than to pass upon those issues. In holding that the judgment in case No. 45361 approving the Herrup premises as a suitable location for a gasoline station was tantamount to a ruling that such a use of the property would not violate the zoning ordinance, the court erred. The judgment in that case did not dispose of the issues dealing with the denial of a certificate of occupancy, as those issues appear in the case at bar.

The defendants also assign error in the court's conclusion that § 42-20 (5) (d) of the zoning ordinance is invalid. We need not decide whether the plaintiffs were precluded in this action from challenging the validity of the section after having first attempted to utilize it by applying for a benefit under its provisions. See *Heady* v. *Zoning Board of Appeals,* 139 Conn. 463, 469, 94 A.2d 789; *Hutchison* v. *Board of Zoning Appeals,* 138 Conn. 247, 252, 83 A.2d 201; *Strain* v. *Zoning Board of Appeals,* 137 Conn. 36, 38, 74 A.2d 462; *National Transportation Co.* v. *Toquet,* 123 Conn. 468, 478, 196 A. 344; *Chudnov* v. *Board of Appeals,* 113 Conn. 49, 57, 154 A. 161. Nor need we determine whether there is such an absence of standards to guide the board as to warrant the court's conclusion of invalidity. Even if it is assumed that the section is invalid, the plaintiffs are not thereby advantaged. Their property is in a business zone from which proposed filling stations are excluded by the ordinance. Hartford Zoning Ordinance § 42-10.[1]

---

[1] "Sec. 42-10. [USE AND AREA REGULATIONS]—BUSINESS ZONES NO. 1.

"(a) *Use.* In business zones No. 1 no building or land shall be used and no building shall be erected or altered except for the following uses: . . . 12. . . . The following uses are also excluded, except as permitted in section 42-20:

"Carting, express hauling and storage yard; garage or group of garages for more than five motor vehicles; motor vehicle service station; filling stations for the sale of gasoline at retail. . . ."

That exclusion can be nullified under the ordinance, as enacted, only through permission received from the board acting under either § 42-20 (3)[1] or § 42-20 (5) (d). If, then, the latter section is invalid, the exclusion still remains effective unless a variance under the former is obtained. Since no such variance has been either sought or granted, the court was in error in ordering the issuance of the certificate of occupancy.

We might have disposed of this appeal in a more summary manner were it not for a desire to help end this protracted litigation. As was pointed out above, the defendants are Ennis and the city of Hartford. The former is properly named as a defendant since it is he who is charged, under the direction of the board, with the duty of issuing certificates of occupancy. We are at a loss to understand, however, why the city was made a party defendant. The action does not seek to adjudicate any right, power, privilege or immunity attaching to the city with respect to the plaintiffs. Practice Book § 276. There was no occasion to cite in the municipality. On the other hand, the zoning board of appeals was not a party, and the court had no jurisdiction to render a judgment binding it. Since only the board can issue a certificate of approval, the court erred in ordering its issuance in this case.

---

[1] "Sec. 42-20. BOARD OF APPEALS. The zoning board of appeals . . . shall have the following powers: . . . (3) [To] [a]uthorize on appeal variances from the strict application of the provisions of this chapter to a specific lot or piece of property where, by reasons of exceptional shape, exceptional topography or other exceptional situations or conditions, unusual difficulty or unreasonable hardship would result to the owners of such property, provided that relief can be granted without impairment to the integrity of this chapter and without substantial detriment to the public welfare. Before any variance is granted, it shall be shown that special circumstances attach to the property which do not generally apply to other property in the same neighborhood."

There is error, the judgment is set aside and the matter is remanded with direction to enter judgment for the defendants.

In this opinion the other judges concurred.