JOSEPH MASON *v.* BOARD OF ZONING APPEALS OF THE
CITY OF BRIDGEPORT

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued June 7—decided July 24, 1956

*Max Frauwirth,* for the appellant (plaintiff).

*John V. Donnelly,* for the appellee (defendant).

O'SULLIVAN, J. This matter came to the Court of
Common Pleas as an appeal from the action of the

defendant in refusing to issue a certificate approving the plaintiff's premises as a suitable location for carrying on the business of repairing motor vehicles. From the judgment dismissing the appeal the plaintiff has now appealed to this court.

Speaking broadly, the facts are not in dispute. They may be summarized as follows: The plaintiff is the owner of a parcel of land in Bridgeport. It has a frontage of 40.5 feet on Henry Street and a depth of 91.5 feet. A garage covers almost all of the rear half of the lot. Henry Street is one of the older highways in the city and under the local zoning ordinance lies in a light industrial zone. Many multifamily tenement houses are located on both sides of the street in the general neighborhood of the plaintiff's property. On May 3, 1950, the defendant granted to the plaintiff's brother Frank a certificate of approval of the premises as a suitable location for the repair of motor vehicles, and shortly thereafter he received from the commissioner of motor vehicles a license to engage in that business. From then on, Frank specialized in the repairing of automobiles which had been involved in accidents and, to that end, large numbers of wrecked cars were towed to his premises. The business was conducted with considerable noise. To some of those living in the immediate vicinity, this was a source of great annoyance, heightened by the fact that operations were carried on during Sundays as well as weekdays and during many hours of the evening. The size of the garage required the owner to utilize the yard for the storage of automobiles, and repairs were repeatedly made in the open. During most of the time that Frank ran the place, the plaintiff was in his employ.

On January 27, 1955, Frank transferred title to

the property and his interest in the business to the plaintiff. The latter then petitioned the defendant for a certificate of approval of the premises as a suitable place to carry on the business. On March 10, 1955, the defendant, after proper notice, held a public hearing at which the only persons who appeared in opposition to the petition were a man and his wife, tenants living in the building next door. Their criticism was that the work had often been performed in the evening and on Sunday and was noisy and disconcerting; that rubbish was burned under their windows and the smoke entered their home; that many automobiles were parked in the street, in front of the premises, awaiting repairs or after being repaired; and that Frank, although he promised to correct some of these annoying matters, had not kept his word. The defendant also received, at the hearing, a report of an inspection made of the plaintiff's premises on March 7, 1955, by an officer attached to the Bridgeport fire department. The report stated that (1) there was a careless storage of paints, lacquers and thinners, (2) the heating equipment was not segregated, (3) spraying and welding were performed in the same room and (4) a spraying booth should be built. At the conclusion of the public hearing, the defendant, in executive session, unanimously denied the petition without indicating on its minutes its reason for doing so.

The issue raised on this appeal is whether the court erred in holding that the defendant did not act arbitrarily, illegally or in abuse of discretion, first, in ruling that the plaintiff's property was not a suitable location for conducting a motor vehicle repair business and, secondly, in reversing its ruling of May 3, 1950, although, it is claimed, no change of circumstances had occurred since then.

As of the times when Frank and the plaintiff filed petitions with the defendant, the General Assembly had prescribed the method for obtaining a license to conduct a motor vehicle repair business. General Statutes §§ 2392, 2393, 2394, 2395; Cum. Sup. 1955, §§ 1308d, 1309d, 1310d. Before applying to the commissioner of motor vehicles, who is designated as the person to issue the license, the applicant is required to obtain a certificate of approval of the location from "the selectmen or town manager of the town, the mayor of the city or the warden of the borough, wherein the business is located or is proposed to be located, except in any city or town having a zoning commission and a board of appeals, in which case such certificate shall be obtained from the board of appeals." Cum. Sup. 1955, § 1310d. Since Bridgeport has a zoning commission and a board of appeals, the plaintiff submitted his petition to the defendant. In receiving and hearing and, eventually, in denying the application, the defendant was not functioning under either the municipal zoning ordinance or the zoning statutes. *Colonial Beacon Oil Co.* v. *Zoning Board of Appeals,* 128 Conn. 351, 354, 23 A.2d 151; *Berigow* v. *Davis,* 116 Conn. 553, 555, 165 A. 790. It was acting in a special capacity. It was serving as the local agency named by the General Assembly to determine whether a certificate of approval should be issued. Cum. Sup. 1955, § 1310d; General Statutes § 2395; see *Herrup* v. *Hartford,* 140 Conn. 622, 628, 103 A.2d 199. It is to these statutes, then, that we must turn to find the test for the defendant to apply in reaching its determination.

Section 2395 provides that "[n]o such certificate shall be issued until . . . such location has been found suitable for the business intended, with due consideration to its location in reference to schools,

churches, theaters, traffic conditions, width of highway and effect on public travel." The defendant could legally go no further than to apply the test incorporated in the statute. It was authorized, and therefore obligated, to issue the certificate of approval to the plaintiff if the "location" was found "suitable." This meant that, under the statute, the defendant was to give or refuse to give its approval of a geographical site and not, for example, its approval of the manner in which a previous owner may have conducted a repair business thereon. The record discloses that the evidence submitted to the defendant dealt exclusively with Frank's conduct of the business and of the annoyances to which he put his neighbors. Although the minutes of the executive session of the defendant, held after the conclusion of the public hearing, are silent as to the reason for denying the petition, the clear indication is that the refusal to issue the certificate was due to the manner in which the previous owner had run the business. Since this was the basis of the decision of the defendant, it utilized a test which it had no right to employ, and therefore the appeal should have been sustained.

There is, however, another ground requiring the same conclusion. On the facts which the record contains, the board should not have reversed its former holding, rendered on May 3, 1950, as to the suitability of the location. To be sure, a repairer's license expires annually on the last day of February. General Statutes, Cum. Sup. 1955, § 1308d. And a licensee has no vested right to its renewal. See *Dadukian* v. *Zoning Board of Appeals,* 135 Conn. 706, 709, 68 A.2d 123. However, when a business has been launched and continuously operated on a site officially declared suitable by a zoning

board of appeals, the status of suitability should normally continue. This conforms to the rule of law that, after an administrative agency has made a decision relating to the use of real property, it is ordinarily powerless to reverse itself, although it may do so if a change in circumstances has occurred since its prior decision, or other considerations materially affecting the merits of the subject matter have intervened and no vested rights have arisen. *Hoffman* v. *Kelly,* 138 Conn. 614, 616, 88 A.2d 382. Since there is nothing in the record to show any change of circumstances or the intervention of other considerations, the defendant acted illegally in reversing itself.

Since the only reasonable conclusion to which one may come upon the record is that the plaintiff was entitled to receive the certificate of approval, the defendant should be directed to issue it. *Executive Television Corporation* v. *Zoning Board of Appeals,* 138 Conn. 452, 457, 85 A.2d 904; *Colonial Beacon Oil Co.* v. *Zoning Board of Appeals,* 128 Conn. 351, 355, 23 A.2d 151.

There is error, the judgment is set aside and the case is remanded with direction to render judgment sustaining the appeal and ordering the defendant to issue the certificate of approval.

In this opinion the other judges concurred.