GENARD CAPORASO *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT, ET AL.

SUPERIOR COURT        FAIRFIELD COUNTY        FILE No. 105107

ANTHONY IZZARELLI, JR. *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT, ET AL.

SUPERIOR COURT        FAIRFIELD COUNTY        FILE No. 105250

EVA MISKIMEN *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT, ET AL.

SUPERIOR COURT        FAIRFIELD COUNTY        FILE No. 105251

MATHURIN ROBICHAUD *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT, ET AL.

SUPERIOR COURT        FAIRFIELD COUNTY        FILE No. 105252

EDWIN DENOVAN *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT, ET AL.

SUPERIOR COURT        FAIRFIELD COUNTY        FILE No. 105249

PHILOMENA ANNUNZIATO *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT, ET AL.

SUPERIOR COURT        FAIRFIELD COUNTY        FILE No. 105253

PATRICIA RYAN *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT, ET AL.

SUPERIOR COURT        FAIRFIELD COUNTY        FILE No. 105254

WILLIAM ZARGO *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT, ET AL.

SUPERIOR COURT        FAIRFIELD COUNTY        FILE No. 105255

Memorandum filed February 28, 1958

*Robert H. Arnold* and *Robert E. Beach,* both of East Hartford, for United Aircraft Corporation.

*John J. Bracken,* attorney general, and *Harry Silverstone,* assistant attorney general, for the Administrator, Unemployment Compensation Act.

MacDonald, J. These eight appeals, taken by the employer, United Aircraft Corporation, under the provisions of § 7521 of the General Statutes (now Cum. Sup. 1955, § 3078d), from decisions of the unemployment compensation commissioner, have been attacked by the administrator by motions to erase for want of jurisdiction on the ground that, under the statute, the commissioner was without jurisdiction to hear and determine the original appeals in the first instance and that the court, therefore, has no jurisdiction of the appeals from the decisions of the commissioner. The facts involved in all eight appeals are substantially the same, with slight variations which do not affect the sole legal question presented by each—the question as to whether the commissioner had jurisdiction, and whether this court now has jurisdiction, of the matters involved.

The eight named claimants were employees of United Aircraft Corporation at its Bridgeport area plant prior to the two weeks ending August 3 and August 10, 1957, when the plant was closed down for two vacation weeks. All employees, including the eight claimants, were offered work for the week commencing August 11, 1957, when the plant reopened. Of these eight employees, two, *Caporaso* and *Ryan,* were taken ill the week prior to August 11 and were unable to return to work on the reopening date, August 11; three were disabled that very day and were

unable to return to work, *Miskimen* by illness, *Denovan* and *Annunziato* by accidents; one, *Zargo,* was in the army reserve and was prevented from returning to work on that date because his two weeks' compulsory training period intervened. Two of the claimants, *Izzarelli* and *Robichaud,* did, in fact, return to work August 11 but were forced by illness to quit before the end of that week and, accordingly, did not earn as much as their benefit rate. In each instance, the commissioner ruled the claimant not ineligible for benefits during the calendar week commencing August 11, 1957, as to the first five named because their several inabilities to accept re-employment on that date were not disqualifying refusals under the statute and as to the last two named because each failed to earn, during that first week of re-employment, sufficient wages to make him ineligible for benefits. None of these employees filed claims for benefits during the week commencing August 11, so, of course, no findings of disqualification for benefits were made by the department from which they could have filed appeals.

Because of the rulings by the commissioner that the named employees, somewhat misleadingly referred to as "claimants," were not ineligible for benefits during the week commencing August 11, the employer, United Aircraft Corporation, received rehire credits at lower rates than it would have been entitled to had the rulings been different and, accordingly, has taken these eight appeals, purportedly, on the face of its petitions for review, under § 7521 of the General Statutes.

It is not necessary to consider the merits of the individual cases or the correctness of the commissioner's decisions thereon, since the sole question presented by this motion is that of jurisdiction—first, of the commissioner and then of this court.

United Aircraft's right to any appeal must, of course, be founded in the Unemployment Compensation Act, chapter 374 of the General Statutes. The only provisions found in the act for appeals to the commissioner are found (1) in § 7514, which is limited to a situation where there is actually pending a claim for benefits as a result of which the claimant is either to receive or not to receive money; (2) in § 7543(b) (as amended, Cum. Sup. 1955, § 3090d), which is limited to a situation where the claimant has been asked to repay benefits because of nondisclosure or misrepresentation by him of some material fact, and (3) in § 7543(e) (as amended, Cum. Sup. 1955, § 3091d), which is limited to a situation where a claimant has made fraudulent misrepresentation or knowingly concealed material facts. In each of these situations the commissioner is passing upon rights of the claimants, and in none of them is he authorized to pass directly on the question of the charge made against the fund and, thereby, the credits to be received by the employer.

The question to be decided is not whether the employer should be entitled to relief from what it considers an unfair and inadequate rehire credit, but whether its procedure is through an appeal under the act, as has been attempted here, or through some independent action such as an action for a declaratory judgment. It is true, as contended by the employer, that in the case of *Waterbury Savings Bank* v. *Danaher,* 128 Conn. 78, 83, our Supreme Court has said that exempting statutes, specifically those contained in the Unemployment Compensation Act, are to be strictly construed, and exempt only what is strictly within their terms. However, since the advantage of the exemption from the law imposing a tax relating to employment generally is being sought by the employer-taxpayer here, the rule requiring liberal construction in favor of the taxpayer is not applicable in this situation.

Where the court lacks jurisdiction of the parties or subject matter, it is without power to render a judgment. *O'Leary* v. *Waterbury Title Co.,* 117 Conn. 39, 43. A careful examination of the act discloses no provision for an appeal by the employer in this specific situation, either to the commissioner or, a fortiori, from the commissioner to this court, and, since it appears on the face of the record that the appeal was taken under the act, a motion to erase is the proper pleading and should be granted. *Felletter* v. *Thompson,* 133 Conn. 277, 279; *Berigow* v. *Davis,* 116 Conn. 553, 556; *Coyne* v. *Plume,* 90 Conn. 293. Such a motion is timely whenever made. *Equitable Trust Co.* v. *Plume,* 92 Conn. 649, 657; *McGee* v. *Dunnigan,* 138 Conn. 263, 268.

If the Unemployment Compensation Act should provide for an appeal by the employer in situations such as these where, as freely admitted by counsel for the administrator, injustices may result to the employer by reason of the lower rehire credits allowed, such provision must be made by the legislature and not by the court.

The motion to erase for want of jurisdiction is granted in each case.