DECISION This matter comes before the Court on an administrative appeal filed by Donald Sjogren ("Plaintiff") from a decision of the City of Warwick Board of Public Safety (the "Board"). In 2002, the Board denied Plaintiff's request for payment to purchase a central air conditioning system, which Plaintiff claimed was a medical device necessary to alleviate his job-related health problems. Plaintiff, a fifteen-year veteran of the City of Warwick's Fire Department, made the request pursuant to G.L. 1956 § 45-19-1.[1]Jurisdiction of this Courts pursuant to § 42-35-15.[2] Facts and Travel
On September 11, 2001, the Board conducted a hearing to address Plaintiff's request for an air conditioning system. The hearing was attended by both Plaintiff and Plaintiff's attorney, Arthur I. Fixler ("Fixler"). Specifically, Plaintiff sought to have the City of Warwick (the "City") pay for an air conditioning system to be installed in Plaintiff's home pursuant to § 45-19-1. Section 45-19-1 allows, in part, for retired public safety officers (e.g. firefighters or police) to be reimbursed for medical expenses relating to on-duty injuries or illnesses. This section is commonly referred to as the "Injured on Duty Statute." Plaintiff claims that as a result of his fifteen years with the City's fire department, and specifically because of multiple chemical fires that he fought, he developed chronic obstructive pulmonary disease ("COPD") and asthma.
At the September 11th hearing, Plaintiff introduced a letter from his pulmonary care physician, Dr. F. Dennis McCool ("Dr. McCool"), which stated that Plaintiff did suffer from severe asthma and COPD. Dr. McCool, in the letter, expressed his opinion that an air conditioner would minimize Plaintiff's exposure to outdoor allergens, thereby assisting his management of his COPD and asthma. The Board, upon reviewing Dr. McCool's letter and hearing the testimony of Plaintiff, decided it wanted to have the Board's medical consultant, Dr. Peter Simon ("Dr. Simon") look at Plaintiff's medical records before it made its decision. Therefore, at the September 11th hearing, the Board determined that the matter should be continued and that Plaintiff's request would be taken up at a later date. Various members of the Board speculated on when they might be able to reconvene; however, an actual date was never decided upon by the Board.
The later hearing took place on January 22, 2002. On this date, the Board reached a final decision on Plaintiff's request for an air conditioning system. Neither Plaintiff, nor Fixler was present at this hearing. The record of the January 22nd hearing indicates that the Board's chairman inquired as to whether Plaintiff was notified of the hearing date. The City's Human Resources Auditor, John E. Martin ("Martin"), responded that Fixler had previously requested this specific date and that Martin had called his office the previous week and spoken with Fixler's secretary, in order to remind him. As a result of Martin's assurance that notice had been given, the Board proceeded to conduct the hearing on Plaintiff's request for the air conditioning system. At the hearing, a letter written by Dr. Simon was introduced. The letter expressed Dr. Simon's opinion that Plaintiff's medical records did not contain evidence indicating that outdoor allergens were a trigger for his COPD or asthma. Dr. Simon, therefore, opined that the benefits of an air conditioning system would be minimal. Furthermore, at this hearing, the Board expressed a concern that an air conditioning system did not technically qualify as a medical device. Based on the above, the Board decided to deny Plaintiff's request for the air conditioning system.
Thereafter, by a letter dated February 4, 2002, Fixler received notice of the Board's January 22nd decision, denying Plaintiff's request. Both Plaintiff and Fixler claim that this was the first they had heard of the January 22nd hearing and that they never received notice of said hearing, written or otherwise. Specifically, Fixler denies ever requesting January 22nd as a date for the hearing as he was not working at the time due to a prior scheduled knee surgery. Fixler further denies that Martin could have spoken with his secretary because, at that time, he was "of counsel" at the firm of Kaplan Jacobson Inc. and did not have a secretary and instead used a voice mail system. In a letter dated February 19, 2002, Fixler notified the Board that he had never received notice of the January 22nd hearing and that he was, for this reason, requesting a rehearing.
According to Defendants, Martin advised Fixler, on February 28, 2002, that the Board had decided not to rehear the matter and that their January 22nd decision was final. In his affidavit, Fixler however maintains that he never received this notification and that he was not made aware of the Board's denial of Plaintiff's rehearing until December 10, 2002. Fixler asserts that, on such date, his office contacted the Board to inquire on the status of Plaintiff's case and he was then informed that his request for a rehearing had been denied the prior February. Fixler avers that Defendants, at this time, faxed him an unsigned version of the letter that Defendants purported to mail on February 28, 2002. Thereafter, in January of 2003, Plaintiff commenced this underlying action.[3]
 Standard of Review
Pursuant to § 42-35-15, the Superior Court has appellate jurisdiction to review the final order of an administrative agency. InterstateNavigation Co. v. Div. of Pub. Utils. Carriers of R.I., 824 A.2d 1282,1286 (R.I. 2003). In reviewing an agency decision, the Superior Court trial justice "shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." Id. (quoting § 42-35-15(g)). Further, "the Superior Court is limited to `an examination of the certified record to determine if there is any legally competent evidence therein to support the agency's decision.'"Johnston Ambulatory Surgical Assocs. v. Nolan, 755 A.2d 799, 804-805
(R.I. 2000) (quoting Barrington School Committee v. Rhode Island StateLabor Relations Board, 608 A.2d 1126, 1138 (R.I. 1992)). Sec 42-35-15(g) provides that:
 The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) In excess of the statutory authority of the agency; (3) Made upon unlawful procedure; (4) Affected by other error or law; (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. Sec 42-35-15(g).
The Superior Court is thus vested with the jurisdiction to affirm or reverse the agency's decision or to remand the case for further proceedings. Our Supreme Court has held that "[i]t is clear that the Superior Court justice has some discretion in fashioning a remedy when hearing an appeal from an agency decision." Birchwood Realty v.Grant, 627 A.2d 827, 834 (R.I. 1993). The "Superior Court's power to order a remand under § 42-35-15(g) is `merely declaratory of the inherent power of the court to remand, in a proper case, to correct deficiencies in the record and thus afford the litigants a meaningful review.'" Id. (quoting Lemoine v. Department of Mental Health,Retardation Hosps., 113 R.I. 285, 290, 320 A.2d at 614, 615 (1974)). Therefore, the Superior Court "may remand the case to the agency for the presentation of additional evidence." Id.
 Analysis
Plaintiff maintains that he was not in attendance at the January 22nd hearing because the Board failed to provide him with notice of the hearing. Plaintiff further asserts that he was prejudiced by the Board's failure to notify him because he had obtained additional medical records, which he intended to present at the second hearing. Plaintiff also claims to be unfairly prejudiced because, as a result of the lack of notice, he was not given the opportunity to cross-examine Dr. Simon. Defendants argue that the Board's decision should be affirmed because there is competent evidence supporting the Board's findings and because Plaintiff was given the opportunity to present evidence at the first hearing. This Court disagrees with Defendants.
The Fifth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, states that "no person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. Further, article 1, section 2, of the Rhode Island Constitution provides the same guarantees. "These guarantees embrace both procedural and substantive due process."R.I. Econ. Dev. Corp. v. Parking Co., L.P., 892 A.2d 87, 97 (R.I. 2006). Our Supreme Court has held that "due-process requirements of a fair trial apply to the procedures of administrative agencies." Bourque v.Dettore, 589 A.2d 815, 823 (R.I. 1991); see also Davis v. Wood,427 A.2d 332, 336 (R.I. 1981). Plaintiff's hearing before the Board was administrative in nature and therefore, Plaintiff was "entitled to an opportunity to be heard at a meaningful time and in a meaningful manner." Id.
Under the basic tenants of due process, Plaintiff was entitled to the opportunity to be fully heard before the Board. There is sufficient evidence on the record to indicate that neither Plaintiff, nor his attorney, Fixler, was ever provided with notice of the January 22nd hearing. As a result, Plaintiff was not afforded the opportunity to present evidence or to be heard at the January 22nd hearing. The Board's failure to provide notice was a violation of Plaintiff's due process rights. Nothing in the record indicates that Plaintiff intended to rest his case on September 11, 2001. Rather, the Board determined that it did not have enough evidence and that it would prefer to continue Plaintiff's hearing until a later date. Further, attorney Fixler submitted to this Court an affidavit swearing to the fact that he never received notice of the January 22nd hearing. Fixler also stated, under oath, that at the time of the hearing, he was out of his office for medical reasons and that he was not employing a secretary. The record is, therefore, unclear as to the identity of the person with whom Martin allegedly spoke to about the date of the hearing. Any purported notice, on the part of the Board, was therefore inadequate and in violation of Plaintiff's due process rights. Furthermore, the transcript of the January 22nd hearing indicates that the Board itself was cognizant of the importance of providing Plaintiff with notice. After the Board received assurances from Martin that he had attempted to contact Plaintiff, it questioned the assistant city solicitor as to whether it was appropriate to proceed, in light of the notice given. The solicitor stated that it was proper to proceed on Plaintiff's request and, as a result, the Board conducted the hearing.
This Court is also mindful of the Administrative Procedures Act, which outlines specific requirements for the type of notice, which must be afforded to parties prior to a hearing in a contested case.[4] "These provisions make clear that a party to a contested case shall receive notice which in plain terms draws attention to, among other things, the subject matter to be considered at the hearing." Providence Gas Co. v.Burke, 380 A.2d 1334, 1342, 119 R.I. 487, 503 (1977). In the case at hand, the January 22nd hearing was a continuation of the original September 11th hearing. Therefore, this Court does not believe that the Board was obligated to comply with the notice requirements of § 42-35 9. However, § 42-35-9 serves to demonstrate the significance of the receipt of notice in administrative proceedings. In light of the strict notice requirements and the underlying policy considerations, this Court cannot fathom that Plaintiff should not have been afforded meaningful notice as to the date on which the hearing was to be continued.[5] This is especially true in light of the fact that the hearing was continued at the request of the members of the Board. To hold that Plaintiff was not entitled to notice of the second hearing would render moot the policies behind the strict notice requirements of the Administrative Procedures Act. Thus, it is clear that Plaintiff was entitled to receive, from the Board, sufficient notice as to the date on which the hearing was to be continued. The Board was unsuccessful in supplying such notice.
 Conclusion
After review of the entire record, this Court finds that the Board failed to provide Plaintiff with sufficient notice of the January 22nd hearing. Accordingly the Board's decision, issued as a result of this hearing, was in violation of constitutional provisions, specifically the procedural due process requirements of theFourteenth Amendment of the United States Constitution and article 1, section 2, of the Rhode Island Constitution. This matter is therefore remanded for further proceedings, so that Plaintiff may be given a full and fair opportunity to appear before the Board to present additional evidence, respecting his need for an air conditioning system, and to address the evidence previously introduced by the Board. Counsel shall submit an appropriate order for entry, consistent with this opinion.
[1] Sec. 45-19-1 provides: "Whenever any . . . fire fighter . . . of any city . . . is wholly or partially incapacitated by reason of injuries received or sickness contracted in the performance of his or her duties, the respective city . . . shall, during the period of the incapacity, pay the . . . medical, surgical, dental, optical, or other attendance, or treatment, nurses, and hospital services, medicines, crutches, and apparatus for the necessary period . . . [i]n addition, the cities . . . shall pay all similar expenses incurred by a member who has been placed on a disability pension and suffers a recurrence of the injury or illness that dictated his or her disability retirement."
[2] Sec. 42-35-15(a) provides: "Any person . . . who has exhausted all administrative remedies available to him or her within the agency, and who is aggrieved by a final order in a contested case is entitled to judicial review under this chapter."
[3] Plaintiff failed to comply with § 42-35-15(b), which requires that the filing of the complaint occur within thirty days after notice is mailed of the agency's final decision. The parties, however, entered into the following stipulation: "For the purposes of briefing and arguing, the parties will assume that the present administrative appeal was timely filed, and, in exchange, Plaintiff will forgo an evidentiary hearing on said issue at this time."
[4] Sec. 42-35-9 provides: (a) In any contested case, all parties shall be afforded an opportunity for hearing after reasonable notice. (b) The notice shall include: (1) A statement of the time, place, and nature of the hearing; (2) A statement of the legal authority and jurisdiction under which the hearing is to be held; (3) A reference to the particular sections of the statutes and rules involved; (4) A short and plain statement of the matters inserted. If the agency or other party is unable to state the matters in detail at the time the notice is served, the initial notice may be limited to a statement of the issues involved and detailed statement shall be furnished.
[5] See e.g. Anderson's American Law of Zoning, § 22.22 (4th ed. Young 1997) ("Absent a specific provision relating to notice of second or subsequent hearings, a statute or ordinance which requires that a board of adjustment act after notice and hearing requires that notice of a second hearing be given"). See alsoColonial Beacon Oil Co. v. Zoning Board of Appeals, 23 A.2d 151 (CT 1941) (holding that a second hearing, which was a continuation of the original hearing, held without notice, was a nullity).