ST. JOHN'S ROMAN CATHOLIC CHURCH *v.* BOARD OF
ADJUSTMENT OR APPEALS OF THE CITY OF
STAMFORD (1667).

ST. JOHN'S ROMAN CATHOLIC CHURCH *v.* BOARD OF
ADJUSTMENT OR APPEALS OF THE CITY OF
STAMFORD (1666).

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued June 9—decided July 21, 1939.

*Maurice J. Buckley,* for the appellant (plaintiff).

*Samuel Gordon,* with whom was *Charles N. Wexler,* for the appellee (defendant).

AVERY, J. The essential facts of these cases are embodied in the clear and concise report of the state referee, which is as follows: On December 17, 1937, Carl K. Wolfe of Stamford filed a written application with the zoning board of adjustments or appeals of the city of Stamford for a certificate of approval of a location of a station for the sale of gasoline on the southerly side of Bell Street in that city, under §§ 646c and 647c of the General Statutes, 1935 Sup. Notice of a hearing upon this application to be held on January 7, 1938, was published in the Stamford Daily Advocate in its issues of December 31, 1937, January 3d, and January 4th, 1938, and a notice of the hearing was sent to each member of the board. This hearing was adjourned, without action upon the application, to January 11, 1938, and upon that date was further adjourned to January 25, 1938. On January 12, 1938, Wolfe filed a further application with the board asking that it vary, with respect to such location, the requirements of Section V of the zoning rules and regulations providing that no permit should issue for the erection of a motor vehicle service station within two hundred feet of a church or school. There was published in the Stamford Daily Advocate in its issues of January 14th, 15th, and 17th, 1938, a notice that a hearing upon this application to vary the requirements of Section V

would be held on January 25, 1938, and that upon the same date there would be held an adjourned hearing upon Wolfe's application for a certificate of approval for the erection of a gasoline service station on Bell Street, and a notice of this hearing was sent to each member of the board. At the hearing held on January 25, 1938, at which there were present four members of the board, those in favor of and those opposed to the granting of the applications were heard, including a representative of the appellant. At an executive meeting of the board held on January 27, 1938, by the unanimous vote of the four members of the board present at the hearing on January 25th, both applications were granted. The plaintiff took separate appeals from the action of the board approving the Wolfe property as a location for a gasoline station and varying the zoning regulations to permit its establishment.

Section V of the zoning regulations of the city of Stamford provides: "Under no circumstances shall a permit be issued for the erection or enlargement of a garage for more than five motor vehicles, or a motor vehicle service station or for the conversion of any premises not so used to be used for such purpose in any business or industrial zone if any car entrance to or exit from the property in question is situated within two hundred feet as measured along the public street in which portion there exists: 1. A public school or a duly organized school, other than a public school, conducted for children under sixteen years of age and giving regular instruction at least five days a week for eight or more months a year. 2. A hospital maintained as a charitable institution. 3. A church. 4. A theatre containing at least three hundred seats, or 5. A public library. . . ." Section XV of the zoning regulations provides: "The Board of Adjustment or Appeals may in a specific case after public notice and

hearing, and subject to appropriate conditions and safeguards determine to vary the application of the regulations herein established in harmony with their general purposes and intent as follows: . . . Permit in a business or industrial zone the construction, alteration or conversion of a building, intended for the use of motor vehicles, and less than two hundred feet from a public building, as specified in Section V. . . . Vary any requirement of these regulations in harmony with its general purposes and intent, so that substantial justice may be done, exercising this authority in a manner to secure the public health, safety and welfare solely in instances where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of this regulation."

Bell Street is a short street located in a business zone, and runs from South Street to Atlantic Street. It is twenty to twenty-one feet wide from curb to curb. The appellant's property is at the corner of Atlantic and Bell Streets, easterly of the Wolfe property. Upon it there are a church building and a school building. The school has an attendance of seven hundred pupils and the main entrance to the school building is on Bell Street. The distance from the northeast corner of the Wolfe property to the northwest corner of the church property along the south side of Bell Street is one hundred and fifty-two feet. The distance from the east side of the proposed location of the gas station to the northwest corner of the church property is one hundred and sixty-nine feet. The school building sets back seventy-nine feet from the curb of Bell Street. The distance from the proposed location of the gasoline pumps to the school building is two hundred and eight feet. Diagonally across the street from the school is a gasoline pump and a large garage and repair shop. Diagonally across the street from the

Wolfe property at the corner of South Street and Bell Street is a large service station. The Wolfe property has been used for a number of years as a parking station. The maintenance of a station for the sale of gasoline upon the proposed location would not materially increase the traffic hazard upon Bell Street. The board of adjustments or appeals did not make a formal finding of facts following the hearing upon these applications but its decision granting these applications embraced a conclusion that the location was suitable for the sale of gasoline, due consideration being given to the proximity of schools and churches, traffic conditions, the width of the highway and effect of public travel, and that the use of the proposed location would not imperil the safety of the public, and that to vary the application of Section V of the zoning regulations so as to permit the erection of a gasoline station within less than two hundred feet of the appellant's school was, under existing conditions, in harmony with the general purposes and intent of the regulations.

By its remonstrance the plaintiff has sought to raise numerous questions: (1) Whether notice of the application for a certificate of approval of the location of a gas station was published as required by § 647c, 1935 Sup.; (2) whether the board was in error in considering and acting upon both applications together; (3) whether the board acted arbitrarily in holding the executive meeting on January 27, 1938, after having heard the parties at the public meeting on January 25th; (4) whether action could be taken upon the applications by the four members of the board who were present when the full membership of the board was five; and, finally, whether the board had power to permit the location of the gasoline station having an entrance less than two hundred feet as measured along the public street in which there exists a school under Section V

of the zoning regulations of the city of Stamford heretofore referred to. As this is the decisive point on the appeals, we refer to the other matters but briefly.

In *Strain* v. *Mims*, 123 Conn. 275, 281, 193 Atl. 754, we said: "In the absence of legislative restriction, the general rule is that a committee or commission performing such functions as those exercised by the zoning commission in this case can take valid action at a meeting at which all members have proper notice and at which a majority are present." The zoning board of adjustment or appeals of the city of Stamford is composed of five members and an alternate who acts in the absence or disqualification of any member. Special Acts, 1933, p. 1239. So far as it pertains to the certificate of approval, the procedure is governed by Cum. Sup. 1935, Chapter 84, §§ 645c to 647c inclusive. There is no statutory requirement as to the number of the board members necessary and a majority of the members constitute a quorum. Even if § 425 of the General Statutes, which provides that zoning regulations may be amended or changed, would apply to the action of the board in varying the regulations, the record discloses no such protest as within the terms of the statute would make applicable its provision. The situation is covered by General Statutes, § 428, which provides: "The concurring vote of four members of the board shall be necessary to reverse any order, requirement or decision of any such administrative official, or to decide in favor of the appellant any matter upon which it shall be required to pass under any such by-law, ordinance, rule or regulation, or to effect any variation in such by-law, ordinance, rule or regulation." The action of the four members of the board present at the executive session complied with the provisions of this section.

The notice preceding the hearing upon the finding of

suitability is governed by § 647c, Cum. Sup. 1935. This section requires publication of notice of the hearing, "three times in a newspaper having a circulation within such town, city or borough not less than one week before the date of such hearing." This statute requires that each of the three notices be published at least one week before the date of the hearing. It is plain from the report of the state referee that the notices published of the hearing upon the application for a certificate of approval of location were insufficient. The point, however, is of no consequence, because the subsequent publication of notice of a hearing upon both applications complied with the requirements of this statute. The claim that the deliberations of the board must be public requires little discussion. We find nothing in the statute or in the charter or zoning regulations of the city of Stamford which denies the board in question the right which is well-nigh universally followed by such bodies, namely, after the public hearing of a matter of this character has been concluded, to retire for deliberation before announcing their final decision. The hearing before the board must be public. The deliberations of the board after the public hearing is completed may be and often should be in private. There is also nothing irregular in the action of the board in hearing two applications concerning the same subject-matter at the same time.

The decisive question in this case arises under Section V of the zoning regulations, which provides that "Under no circumstances shall a permit be issued for . . . a motor vehicle service station . . . if any car entrance to or exit from the property in question is situated within two hundred feet as measured along the public street in which portion there exists a duly organized school" such as the one maintained by the plaintiff. There can be no question from the finding

of the state referee and the maps which accompany the same that, measured along the public street, the distance from the entrance of the gasoline station proposed to the plaintiff's property is less than two hundred feet, although the school itself, which sets back from the street, is more than two hundred feet from the entrance to the gasoline station. Section XV, Par. 11, of the zoning regulations permitted the board to vary the application of the regulations in harmony with their general purposes and intent and Par. 7 specifically provides it may "permit in a business or industrial zone the construction, alteration or conversion of a building, intended for the use of motor vehicles, and less than two hundred feet from a public building as specified in Section V" of the regulations (among others such as the plaintiff's school). Under this provision the board could permit in a business or industrial zone a building for the use of motor vehicles even though within the prescribed distance from a public building. This power is distinct from that in Par. 11 permitting the board to vary the regulations. Section V of the regulations definitely distinguishes between "a garage for more than five vehicles" and a motor vehicle service station, and the provision in Section XV is definitely restricted so as not to include a service station. Reading the two provisions together, the proper construction is that while the board might permit a garage or building intended for the use of motor vehicles in a business or industrial zone, "under no circumstances" could it permit a motor vehicle service station to be established within the prescribed distance from one of the public buildings specified in Section V.

The power reposed in the board under Section XV, Par. 11, to "vary any requirement of these regulations in harmony with its general purpose and intent . . .

where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of these regulations" is distinct from that reposed in the board under Par. 7. The manifest intent of these regulations was to prohibit the erection of a filling station within the prescribed distance. "A board of appeals . . . is created to keep the law, 'running on an even keel,' by varying, within prescribed limits and consonant with the exercise of a legal discretion, the strict letter of the zoning law, in cases of claims having real merit which can be granted consistently with the spirit and purposes of the general plan." *Thayer* v. *Board of Appeals,* 114 Conn. 15, 22, 157 Atl. 273; *St. Patrick's Church Corp.* v. *Daniels,* 113 Conn. 132, 139, 154 Atl. 343; *Grady* v. *Katz,* 124 Conn. 525, 529, 1 Atl. (2d) 137. We have no occasion, therefore, to consider whether the board, upon the facts of the case, would be justified in varying the regulations under the power granted in Par. 11. We do note, however, that in the facts found by the referee there is no basis for a finding by the board of practical difficulties or unnecessary hardships in carrying out not only the letter but the manifest purpose of the ordinance. We conclude, therefore, the action of the board in varying the regulations cannot be upheld upon this finding.

The application for a certificate of approval of the Wolfe property as the location of a gasoline station is distinct from the application to modify the provisions of the zoning ordinance. General Statutes, § 1663, provides: "No such certificate shall be issued unless such . . . board of appeals shall find that such location is suitable for the sale of gasoline and other products, due consideration being given to the proximity of schools, churches, theaters or playhouses or other places of public gatherings, intersecting streets, sufficiency in number of similar stations or locations in the vicinity,

traffic conditions, width of highway and effect of public travel, and shall also find that public convenience and necessity require the sale of such gasoline or other product at the proposed location, that such use of such proposed location will not imperil the safety of the public and that the applicant is a suitable person to conduct such station." Whether or not the board committed error in its action approving the location under this section is of no consequence because the board had no right to approve the location for a gasoline station when its establishment on the Wolfe property would be a violation of the zoning ordinance.

There is error; the judgments in both cases are reversed and the cause is remanded to the Superior Court with direction to enter judgment for the plaintiff in both cases.

In this opinion the other judges concurred.