EDITH S. YOUNGS *v.* ZONING BOARD OF APPEALS
OF THE CITY OF NORWALK.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.
Argued December 6, 1940—decided January 10, 1941.

*John Keogh, Jr.,* with whom, on the brief, was *G. F. McKendry,* for the appellant (plaintiff).

*Bernard A. Nevas,* with whom, on the brief, was *Leo Nevas,* for the appellee (defendant).

PER CURIAM. On November 3, 1938, the Gulf Oil Corporation obtained a certificate of approval for the erection of a gasoline service station on a vacant lot on Van Zandt Street in Norwalk. Efforts by other applicants to secure a permit for this location have been continuous since 1935. The first application was denied. The second was granted by the board but this action was reversed on appeal to the Superior Court. The plaintiff has filed numerous assignments of error in her appeal from the granting of the present application but since one of them is decisive of the case, the discussion is confined to the question which it raises.

This question concerns the effect of § VII of the Norwalk zoning ordinance. It reads in part as follows:

"Except with the permission of the Board of Appeals under appropriate conditions and safeguards, no permit shall be issued for the erection of a . . . gas filling station . . . in any business . . . zone, if any part of the lot or plot in question is situated within a distance of two hundred feet [of]:

" . . .

"3. A church with a meeting capacity of 300 persons."

The application was for the erection of a gas filling station in a business zone within two hundred feet of a church with a meeting capacity of three hundred persons. The pertinent inquiry therefore is whether it was granted "under appropriate conditions and safeguards." None appear in the vote granting the application. The records of the board show only that, after a hearing, a motion that the petition be granted was made, seconded and passed. As far as the exhibits disclose, the application simply asked for a license to sell gasoline at the location in question and specified that four pumps would be used. While plans of the proposed station were submitted, they were not referred to in either the application or vote. The applicant was in no way bound to construct the station in accordance with them. It follows that neither the vote of the board alone nor the vote considered in connection with the application contained any conditions or safeguards whatever, to say nothing of appropriate ones. The failure of the board to follow the express mandate of the ordinance rendered its action voidable on appeal.

There is error and the case is remanded with direction to sustain the appeal.