SUN OIL COMPANY ET AL. *v.* ZONING BOARD OF
APPEALS OF THE TOWN OF HAMDEN ET AL.

KING, C. J., MURPHY, ALCORN, HOUSE and THIM, Js.

Argued May 4—decided June 21, 1966

*Alfred F. Celentano,* for the appellant (defend-
ant Torello), with whom, on the brief, was *Robert
W. Carangelo,* for the appellant (named defend-
ant).

*John H. Peck,* with whom, on the brief, was *Michael R. J. O'Connor,* for the appellees (plaintiffs).

THIM, J. The plaintiff Sun Oil Company acquired an option to purchase from the plaintiff Douglas Warner certain property known as 1030–1038 Dixwell Avenue in Hamden. The plaintiffs filed an application with the Hamden zoning board of appeals, hereinafter referred to as the board, "[r]equesting approval" of a gasoline filling station on the Warner property. After a lengthy public hearing, the board denied the application. The plaintiffs appealed to the Court of Common Pleas. Peter Torello, the owner of premises abutting the Warner property, was allowed to intervene as an aggrieved defendant. The court sustained the plaintiffs' appeal on the ground that the board's three-to-two vote in favor of the application was sufficient for approval and that its recorded denial was based on a mistaken belief that four votes were necessary to approve the application. From the judgment rendered, the defendants appealed to this court.

The establishment of a gasoline station on the property in question, which is situated in a business B zone under the Hamden zoning regulations, can be accomplished only upon the fulfilment of two conditions. The first is the receipt of a permit, in the nature of a special exception, from the board, acting under its zoning powers, stating that the property satisfies the use restrictions of a business B zone. Hamden Zoning Regs. §§ 6 (6), 7 (1), 23 (10) (1964, as amended); General Statutes § 8-2.[1] The second is the receipt of a certificate of approval

---

[1] The powers of the Hamden zoning board of appeals are governed by chapter 124 of the General Statutes. 27 Spec. Laws 572 § 8 (b).

from the board, acting as a special agent of the state under General Statutes §§ 14-321 and 14-322, stating that the particular location has been found suitable in the light of the criteria specified in § 14-322. *Helfant* v. *Zoning Board of Appeals,* 153 Conn. 93, 95, 214 A.2d 371. While the votes of four out of five members of the board are necessary to grant a permit under the zoning ordinance, a simple majority of the board is empowered to issue a certificate of approval under § 14-322 of the General Statutes. See General Statutes § 8-7.

The application filed by the plaintiffs was ambiguous. If it had stated the exact nature of the action which the plaintiffs were seeking from the board, or if the board itself had taken proper steps to clarify the matter, the ensuing difficulties would not have arisen. It contained no reference to either the statute or the zoning regulations and did not indicate that it was restricted to one to the exclusion of the other. The transcript of the public hearing, including statements made by the agent of the Sun Oil Company and comments by its attorney, clearly demonstrates that the plaintiffs were seeking both a permit to allow the construction of a gasoline station in a business B zone under the local zoning ordinance and the approval of the location under the statute. Although the filing of separate applications would have been preferable to the procedure followed by the plaintiffs, the application which was filed made no reference either to the statute or to the zoning regulations, so that the board properly treated it as seeking approval under both the zoning and the statutory requirements. The board's action in this regard was not erroneous. See *Mrowka* v. *Board of Zoning Appeals,* 134 Conn. 149, 151, 55 A.2d 909.

Obtaining a certificate of approval pursuant to General Statutes §§ 14-321 and 14-322 is not a zoning matter and therefore does not make inapplicable the local zoning requirements so far as the proceedings seeking a permit in the nature of a special exception are concerned. See *McDermott* v. *Zoning Board of Appeals,* 150 Conn. 510, 511, 191 A.2d 551; *Atlantic Refining Co.* v. *Zoning Board of Appeals,* 142 Conn. 64, 66, 111 A.2d 1. Obviously, the use of premises for a gasoline station in a zone in which such a use is prohibited would not be "suitable" under General Statutes § 14-322 even though the other criteria specified in that statute were met.

In situations such as the one which exists in the present case, the board is called on to make two distinct decisions, acting in different capacities and applying different sets of standards. *Consiglio* v. *Board of Zoning Appeals,* 153 Conn. 433, 435, 217 A.2d 64; *Tucker* v. *Zoning Board of Appeals,* 151 Conn. 510, 514, 199 A.2d 685; *St. John's Roman Catholic Church* v. *Board of Adjustment,* 125 Conn. 714, 723, 8 A.2d 1; *Berigow* v. *Davis,* 116 Conn. 553, 556, 165 A. 790. Although these two functions of the board may overlap in regard to the merits of the questions presented, the board is not entitled to consider them as a single issue for decision-making purposes.[2]

A certificate of approval cannot be properly issued for a location where a gasoline station would be in violation of zoning regulations. *St. John's Roman Catholic Church* v. *Board of Adjustment,* supra, 724; *Consiglio* v. *Board of Zoning Appeals,*

---

[2] Both decisions may be based on evidence presented at the same public hearing, however, as long as proper notices are given and all relevant criteria are considered. *St. John's Roman Catholic Church* v. *Board of Adjustment,* 125 Conn. 714, 721, 8 A.2d 1.

supra, 435. To grant a certificate of approval before the proposed use meets the zoning requirements serves only to produce the anomalous situation illustrated by *Herrup* v. *Hartford,* 140 Conn. 622, 629, 103 A.2d 199, and *Silver Lane Pickle Co.* v. *Zoning Board of Appeals,* 143 Conn. 316, 319, 122 A.2d 218. The issuance of a certificate of approval for a location which is not favorably zoned only obscures the rights of an applicant and serves no useful purpose.

In the instant case, although the board did not distinguish between its two separate functions, at no time were there four members in favor of granting the plaintiffs' application under either authority. As previously noted, the use of the single application was entirely the fault of the plaintiffs. The three-to-two vote in favor of the application, whatever other effect it may have had, was not sufficient for the granting of the permit under the zoning ordinance. Once the board had effectively refused to grant the zoning permit, it should have denied the certificate of approval. The trial court, in concluding that the provisions of the zoning ordinance were inapplicable and that the three-to-two vote entitled the plaintiffs to a certificate of approval, was in error.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the appeal.

In this opinion the other judges concurred.