CLARK HEATING OILS, INC. *v.* ZONING BOARD OF APPEALS OF THE BOROUGH OF NAUGATUCK ET AL.

KING, C. J., ALCORN, HOUSE, COTTER and RYAN, Js.

Argued January 7—decided March 3, 1970

*Emmet P. Nichols,* with whom, on the brief, were *J. Stephen Curran* and *James K. McCormack,* for the appellant (plaintiff).

*Bernard L. Avcollie,* for the appellee (defendant Anderson); with him was *Robert M. Siuzdak,* for the appellee (named defendant).

RYAN, J. The plaintiff has appealed from a judgment of the Court of Common Pleas dismissing its appeal from the action of the defendant zoning

board of appeals in granting a certificate of approval for the location of a gasoline service station to the defendant Edward S. Anderson under General Statutes §§ 14-321 and 14-322. On October 21, 1966, Anderson filed two applications with the zoning board of appeals of the borough of Naugatuck. The first application, numbered 413, sought a certificate of approval for the location of a gasoline service station on his property at 248 South Main Street in the borough of Naugatuck. The second application, numbered 414, sought a variance to erect on that site a building which had less than the nine-foot setback required under § XIII of the zoning regulations. Both appeals alleged that the applications had been denied by the building inspector. On November 7, 1966, shortly before the time assigned by the defendant board for the public hearing on these applications, both of them were withdrawn by Anderson for the reason that full and complete plot plans were not ready. On November 18, 1966, two other applications, numbered 415 and 416, were filed by Anderson. These were identical to those previously withdrawn except that a plot plan was filed for both of them. On December 5, 1966, after a public hearing was held, the defendant board voted to grant both applications.

The plaintiff appealed to the Court of Common Pleas from each of the board's decisions. In the trial court, Anderson informed the court that owing to the passage of time he did not desire to take advantage of the variance granted by the board with regard to building setback and that the plaintiff's appeal from the granting of the variance might be sustained. The plaintiff informed the court that it had no objection so long as the appeal was sus-

tained. The court then sustained the appeal without prejudice. The parties then proceeded in the trial court on the plaintiff's appeal from the action of the defendant board granting the certificate of approval of the location for the gasoline station. The issues were found for the defendants, and the plaintiff's appeal was dismissed. The plaintiff then appealed to this court.

The plaintiff assigns error in the conclusion of the trial court that the sustaining of the plaintiff's appeal from the board's decision concerning the setback variance removed the issue of any zoning violation from the case. Section V of the Naugatuck zoning regulations (1958, as amended) provides as follows: "BUSINESS ZONE . . . (b) No building or premises shall be used, and no building shall be erected which is arranged, intended or designed to be used for any of the following trades, industries, or uses . . . : . . . repair garages, filling stations or junk yards, as provided in Section XIV hereof."

Section XIV provides: "The Board of Appeals may in a specific case after notice and hearing *subject to appropriate conditions and safeguards* [emphasis added] determine and vary the application of the regulations herein established in harmony with their general purposes and intent as follows: . . . 4. Vary any requirement of these regulations in harmony with its general purpose and intent, so that substantial justice may be done. This authority shall be exercised in a manner to secure the public health, safety, and welfare solely in instances where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of these regulations. . . . 6. Permit in the Business Zone the construction, extension, alteration or conversion and use of a building or land intended for

the storage or repair of motor vehicles, or for a motor vehicle gas filling station or a junk yard . . . ."

The plot plan submitted by Anderson with his applications for a variance and for approval of the location for a gasoline station were considered by the board at the public hearing and in its executive session, when both applications were approved. Section 14-322 of the General Statutes requires a hearing by the zoning board of appeals in passing on an application for a certificate of approval of location for a gasoline station: "No such certificate shall be issued unless such . . . board of appeals finds that such location is suitable for the sale of gasoline and other products, due consideration being given to the proximity of schools, churches, theaters or playhouses or other places of public gatherings, intersecting streets, traffic conditions, width of highway and effect of public travel, and that such use of such proposed location will not imperil the safety of the public." There are "two basic requirements which an applicant must prove to justify the approval of a location for the sale of gasoline. The first is the suitability of the proposed location in view of the proximity of schools, churches, theaters or playhouses or other places of public gathering, intersecting streets, traffic conditions, width of highway and the effect of public travel; the second is that the use of the proposed location will not imperil the safety of the public." *Atlantic Refining Co.* v. *Zoning Board of Appeals,* 150 Conn. 558, 561, 192 A.2d 40.

The establishment of a gasoline station on Anderson's property, which is in a business zone under the Naugatuck zoning regulations, can be accomplished only upon fulfilment of three conditions:

(1) the granting by the defendant board of a variance of the requirements of § V of the regulations *"subject to appropriate conditions and safeguards"* (emphasis added) permitting a gasoline filling station in a business zone; (2) the granting of a variance of the nine-foot minimum front yard requirement in a business zone as required by § XIII of the regulations; and (3) the receipt of a certificate of approval from the board, acting as a special agent of the state under General Statutes §§ 14-321 and 14-322, stating that the particular location is found suitable in the light of the criteria specified in § 14-322. *Sun Oil Co. v. Zoning Board of Appeals,* 154 Conn. 32, 33, 221 A.2d 267. Obtaining a certificate of approval pursuant to General Statutes §§ 14-321 and 14-322 is not a zoning matter, and the use of premises for a gasoline station in a zone in which such a use is prohibited or under conditions or circumstances which would be in violation of the zoning regulations would not be "suitable" under § 14-322, even though other criteria specified in the statute were met. *Sun Oil Co. v. Zoning Board of Appeals,* supra, 35.

The plaintiff raises no question concerning the granting of a variance to permit a gasoline station in a business zone, although the return of the board indicates in the minutes of the executive session that the variance granted was "to erect a Commercial Building and leaving 3 feet front line set back." The plaintiff contends that the board, in considering the foregoing criteria, granted Anderson's application on the condition that the filling station be erected "as per plot plan." The plot plan, pertaining to location, entrances, exits and other criteria of the statute, was obviously quite relevant to the site. See *Atlantic Refining Co. v. Zoning Board of*

*Appeals,* supra, 562. The minutes of the board indicate that the application was "granted as per plot plan submitted with appeal." The minutes were taken by the secretary of the board who testified in the trial court that they represented "the official action of the Board." The defendants urge that this court should not look to the minutes of the board but to the transcript of the public hearing which was prepared from the mechanical recording of the hearing. "The testimony printed in the appendices will be deemed to embrace all testimony produced at the trial material to the issues on the appeal, although this court may, if sufficient cause appears, consult the transcript of evidence on file to supplement or explain that printed." Practice Book § 721. An examination of the transcript reveals that as it was taken from the recording there are numerous gaps in it where the testimony or conversation cannot be understood. In fact, a question mark appears in the transcript at the time when the board voted to grant the application. It would appear that the minutes labeled the "official action of the Board" are more likely to be an accurate report of what took place. It is highly desirable that the minutes contain a full and complete statement of the action of the board, with such particularity as will enable a court, on appeal, clearly to understand what was done. *Dubiel* v. *Zoning Board of Appeals,* 147 Conn. 517, 520, 162 A.2d 711.

The evidence heard by the board at the public hearing supports the position of the plaintiff that the board, in fact, conditioned its approval on the use of that specific plot plan. Evidence was presented by a representative of the Sun Oil Company and by a traffic expert, both of whom discussed the

proposed gasoline station and its effect in relationship to the plot plan. Section XIV of the regulations permits the board to grant a variance after notice and hearing "subject to appropriate conditions and safeguards." The conclusion is inescapable that the board was obliged to and did condition its approval of the location by requiring that it be "as per plot plan." See *Youngs* v. *Zoning Board of Appeals,* 127 Conn. 715, 716, 17 A.2d 513.

When the plaintiff's appeal from the granting of the variance was sustained in the trial court, the action of the board in granting the variance was overruled. Anderson was left in a situation wherein the approval of the location of the gasoline station was conditioned on the station's being constructed in such a way as to be in violation of the zoning regulations. A certificate of approval cannot be properly issued for a location where a gasoline station would be in violation of zoning regulations. *Consiglio* v. *Board of Zoning Appeals,* 153 Conn. 433, 435, 217 A.2d 64; *St. John's Roman Catholic Church* v. *Board of Adjustment,* 125 Conn. 714, 724, 8 A.2d 1. "To grant a certificate of approval before the proposed use meets the zoning requirements serves only to produce the anomalous situation illustrated by *Herrup* v. *Hartford,* 140 Conn. 622, 629, 103 A.2d 199, and *Silver Lane Pickle Co.* v. *Zoning Board of Appeals,* 143 Conn. 316, 319, 122 A.2d 218. The issuance of a certificate of approval for a location which is not favorably zoned only obscures the rights of an applicant and serves no useful purpose." *Sun Oil Co.* v. *Zoning Board of Appeals,* 154 Conn. 32, 36, 221 A.2d 267; see also *Etzel* v. *Zoning Board of Appeals,* 155 Conn. 539, 542, 235 A.2d 647.

In the instant case we must conclude that the use

of Anderson's premises for a gasoline station laid out in such a manner that it would be violative of the zoning regulations as to front yard requirements would not be "suitable" under § 14-322. *Sun Oil Co.* v. *Zoning Board of Appeals,* supra, 35.

Since this conclusion is determinative of the appeal, it is not necessary to discuss the remaining assignments of error.

There is error, the judgment is set aside and the case is remanded with direction to sustain the appeal.

In this opinion the other judges concurred.