[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the Easton Zoning Board of Appeals (Board) which denied the plaintiffs' variance CT Page 746 application for use of an accessory building on the property by members of the plaintiffs' family. Since the plaintiffs are the property owners and unsuccessful applicants for the variance, they are aggrieved and have standing to maintain this appeal. Rogers v. Zoning Board of Appeals, 154 Conn. 484, 488.
The subject property contains more than ten acres, a residence and an outbuilding which was constructed as a caretakers house. Section 4.2.9 of the Easton Zoning Regulations provides in part as follows:
 "On any lot having not less than 10 acres and on which there is a residence, an accessory building also located on said lot may be used in whole or in part for residential purposes solely for the housing of not more than three full-time employees of the resident occupant who are employed on the premises in positions customarily relating to any permitted residential use of the premises, provided that members of the family of the current occupant of the principal residence shall not occupy the accessory building as full-time employees. . . Nothing in this section shall be construed to permit the use of an accessory building for any residential purpose other than as stated above."
When the zoning enforcement officer discovered that the parents of Darryl Zarembski were residing in the caretakers house, a cease and desist order was issued because 4.2.9 did not allow occupancy of the accessory building by members of the family of the property owner. The named plaintiff then filed an application with the Board for a variance to allow his father to live in the caretakers house and to waive the family member limitation in 4.2.9. That variance was denied by the Board of May 1, 1989. The plaintiffs then brought a mandamus action to compel the issuance of a certificate of occupancy and to obtain an injunction against the Zoning Enforcement Officer, Planning and Zoning Commission and the Building Inspector. The town officials prevailed in that action in the Superior Court, and on appeal in Zarembski v. Warren, 28 Conn. App. 1
(1992), cert. denied, 223 Conn. 918 (1992), because no accessory use was allowed since the husband's parents as occupants of the caretakers house were not full time employees of the owner as required by the zoning regulation. A challenge to 4.2.9 of the CT Page 747 zoning regulations was also rejected on grounds of an inadequate factual record to determine the question since the parents were not employed as full time employees as provided in the regulation. Id., 28 Conn. App. at pg. 7.
The parents are now claimed to be full time employees occupying the accessory building, and the plaintiffs have renewed their claim that 4.2.9 is unconstitutional since it prohibits only relatives of the property owner from occupying the accessory building as caretakers. However, the plaintiffs' challenge to the regulation on constitutional grounds cannot be decided in this administrative appeal for another reason. The unsuccessful applicant to a land use agency usually can not raise a constitutional claim in an administrative appeal from the agency's decision. Bombero v. Planning Zoning Commission, 218 Conn. 737,742; Cioffoletti v. Planning Zoning Commission, 209 Conn. 544,563; Bierman v. Westport Planning Zoning Commission, 185 Conn. 135,139; Strain v. Zoning Board of Appeals, 137 Conn. 36, 38, 39. There is an exception to this rule where the constitutional challenge only concerns the application of the challenged regulation to the subject property. DeForest Hotchkiss Co. v. Planning Zoning Commission, 152 Conn. 262, 269; J. M. Realty Co. v. City of Norwalk, 156 Conn. 185, 191 n. 2; Bombero v. Planning Zoning Commission, supra, 746. Since the plaintiffs make a general challenge that relatives of the property owners should not be excluded, a claim which potentially applies to other property owners in the town, they must resort to a declaratory judgment action rather than an administrative appeal to decide that issue. Bombero v. Planning Zoning Commission, supra, 742; Cioffoletti v. Planning Zoning Commission, supra, 563.
The plaintiffs filed the variance application which is the subject of this appeal in January, 1993, and again requested a variance of 4.2.9 to allow the parents to occupy the accessory building. No other variance was requested. At the public hearing held April 5, 1993 three regular members and one alternate member of the Board were present, discussed the application after the public hearing, and tabled it to a later meeting. When the Board convened again on May 3, 1993 five regular members and two alternates were present. The additional Board members had not reviewed the application, attended the public hearing or listened to the tape of the hearing. The Board members understood that only the four members present at the April 5, 1993 meeting could vote. This was a correct understanding of the law. Loh v. Town Plan and Zoning Commission, 161 Conn. 32, 42; Lauer v. Zoning Commission, CT Page 748220 Conn. 455, 470; Grillo v. Zoning Board of Appeals, 4 Conn. App. 205,207. After additional discussion on May 3, 1993, the eligible Board members voted three to one to grant the variance but made no statement on the record as to the hardship resulting from application of the regulation to the subject property. Since 8-7
of the General Statutes requires the concurring vote of four members of a zoning board of appeals to grant a variance, the application was denied as a matter of law. In addition to the constitutional question which cannot be decided here, the plaintiffs claim that they proved sufficient hardship for the granting of a variance, and that it was illegal for the Board to proceed with only four rather than five voting members.
The defendant filed two special defenses: (1) the variance could not be granted since a prior, similar variance application was denied, and (2) any hardship of the plaintiff was self created.
In order for a zoning board of appeals to grant a variance under 8-6(3) of the General Statutes, two conditions must be met: (1) the variance must be shown not to substantially affect the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. Grillo v. Zoning Board of Appeals, 206 Conn. 362,368; Smith v. Zoning Board of Appeals, 174 Conn. 323, 326. Where the board fails to state its reasons for granting a variance, the court must search the record to attempt to find some basis for the action taken. Grillo v. Zoning Board of Appeals, supra,206 Conn. at 369; Ward v. Zoning Board of Appeals, 153 Conn. 141, 144. A search of the record does not disclose any valid reason for granting this variance. Some of the discussion at the public hearing and in the Board's deliberations focused on the fact that a subdivision of the ten acre parcel was not possible since the plaintiffs did not have an adjacent accessway as required by the subdivision regulations. Subdivision of the subject property, if allowed, would place the caretakers residence on a separate lot so it would then qualify as a principal residence, and thereby escape the limitation on accessory buildings in 4.2.9. The Board correctly noted, however, that the variance application only concerned 4.2.9, and not some other section of the zoning regulations. While it is questionable whether a variance application for another section of the regulations would meet the test of unique hardship, namely hardship not applicable to other properties in the zone, the question before the board was whether there was hardship by applying 4.2.9 to the subject property. CT Page 749 Since the plaintiffs owned at least ten acres, and assuming that the occupants of the accessory building would be full time employees, the variance was needed because the occupants were members of the same family as the property owner, a use prohibited by the ordinance. An applicant is not entitled to a variance where a hardship claimed is not different in kind from that generally affecting property in the same zoning district, namely where the hardship is not unique or unusual. Carini v. Zoning Board of Appeals, 164 Conn. 169, 172; Garibaldi v. Zoning Board of Appeals,163 Conn. 235, 238. The plaintiff's problem arose from their relationship to the proposed occupant, which is not a hardship related to the property, but rather one related to the property owner's personal preferences and circumstances. This type of personal hardship is not a ground for the granting of a variance. Id, 239, 240; Pollard v. Zoning Board of Appeals, 186 Conn. 32, 44. The plaintiffs failed to prove unusual hardship, which is a condition precedent to the granting of a variance. Nash v. Zoning Board of Appeals, 165 Conn. 576, 577.
While not necessary to the outcome of this appeal, the defendant is also correct that inability to use the caretakers house as an accessory building for the plaintiffs parents would be a self created hardship. The caretakers house was constructed when 4.2.9 was in effect, and with the apparent intent to use it as a residence for the parents, whether or not they were full time employees at the main residence. Where a hardship is self created, the zoning board of appeals cannot properly grant a variance. M 
R Enterprises, Inc. v. Zoning Board of Appeals, 155 Conn. 280, 282; Pollard v. Zoning Board of Appeals, supra 39, 40; Hadik v. Zoning Board of Appeals, 146 Conn. 737, 738.
The remaining question is whether it was illegal for the Board to vote on the variance when only four Board members were eligible to vote and four affirmative votes were required to pass the variance. A similar question arose recently in S.I.S. Enterprises, Inc. v. Zoning Board of Appeals, 33 Conn. App. 281, 284-288. In that case three board members were present at the agency's decision making session, and all of them had attended the public hearing. One board member who had attended the public hearing was hospitalized and sent in his vote by a sealed envelope. All other members and alternates were disqualified. While the vote was four to zero to deny the variance, the Appellate Court concluded that the voting members had to be present for discussion at the time the vote was taken, and with one member disqualified, three votes were not adequate to rule on the application. That opinion CT Page 750 distinguishes an earlier case, St. John's Roman Catholic Church v. Board of Adjustment or Appeals, 125 Conn. 714, 720 where there were four board members present and voting, and it was held that the action of the four voting members granting a variance and a certificate of location for sale of gasoline complied with the predecessor statute to 8-7, which requires the concurring vote of four members of the Zoning Board of Appeals to vary the zoning regulations. Accordingly in S. I. S. Enterprises, Inc. v. Zoning Board of Appeals, supra, 286, it was held that "since the concurring vote of four members of a zoning board of appeals is required to vary the zoning regulations, a zoning board of appeals may not act unless there are at least four qualified members present and voting." That occurred here, but this situation here is factually different from both of those cases. In St. John's the four voting board members all approved the variance, and the absence of a fifth member made no difference. Here there were four voting members, three voted for the variance and one member voted to deny it. The plaintiffs contends that the variance might have passed if a fifth board member had participated. While that is true, the problem in S. I. S. Enterprises was that a favorable vote was impossible with only three eligible voting members, and the Appellate Court's endorsement of a vote by four members cannot be ignored.
There are policy considerations as well. Even though an applicant for a variance has a better chance of approval with five rather than four voting members, there is a well established practice, known to applicants and their attorneys, of allowing the applicant to decide whether to proceed with the public hearing when only four board members are present and with the knowledge that all four must be convinced to grant an approval. Variance opponents have rights also, and if the applicant elects to proceed with a four member board he takes his chances, and should not got another bite at the apple if the result is unsuccessful, even where there are three affirmative votes instead of four as required by C.G.S. As the inventor of 6 Up can attest, close is not good enough. Proceeding with the application with only four members present is a waiver of the right to have a decision by a five member board.
In some cases this problem can be avoided by having a board member absent from the public hearing become sufficiently familiar with the application to vote on it. While it would have been preferable for another Board member to review the exhibits and listen to the tape of the public hearing, and thereby become CT Page 751 eligible to vote on the application, Loh v. Town Plan and Zoning Commission, supra, 42, that is not legally required, and did not happen here.
The appeal is dismissed.
ROBERT A. FULLER, JUDGE