[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Pilot Corporation and Belle Camperland, Inc., commenced three zoning appeals, which were consolidated by the court, Satter,CT Page 1018J.T.R., on January 24, 2000. The first appeal, Docket No. 494845, alleges that the defendant, Zoning Board of Appeals of the Town of Southington, erred in denying Pilot a special exception to use premises located at 2113 and 2123 Meriden-Waterbury Turnpike as a gasoline filling station. The second appeal, Docket No. 496559, is brought against the defendant, Southington Planning and Zoning Commission, challenging the adoption of a series of regulations concerning location of truck service centers. The final appeal, Docket No. 497726, alleges that the defendant, Zoning Board of Appeals of the Town of Southington, erred in denying a certificate of location necessary for approval by the Department of Motor Vehicles for the operation of a gasoline station. General Statutes § 14-321.
Turning to the first appeal, on January 6, 1999, plaintiffs submitted an application to the defendant, seeking a special exception, under the provisions of §§ 11-03, 11-03.1 and 15 of the Southington zoning regulations, to use the premises located at 2113 and 2123 Meriden-Waterbury Turnpike in the business zone as a gasoline filling station. (Return of Record ("ROR"), Docket No. 494845, Item 1, Application dated January 6, 1999). Pursuant to notice, the defendant held a public hearing on the application at which neighbors spoke in opposition, and traffic and air quality concerns were addressed by both Pilot and the Southington Town Planner. (ROR, Docket No. 494845, Item 2, Transcript of Public Hearing.). A review of the traffic and air quality studies was submitted separately by the Town Planner. (ROR, Docket No. 494845, Item 7, Memorandum dated March 22, 1999; Item 14, Memorandum dated January 26, 1999.) On March 23, 1999, the defendant voted to deny the plaintiff's application without giving reasons.[1] (ROR, Docket No. 494845, Item 9, Minutes of Meeting.) Pilot appealed this decision to the court on April 14, 1999.[2]
In deciding whether the defendant was correct in denying the special exception[3], the court is guided by the case of Irwin v. Planning Zoning Commission, 244 Conn. 619 (1998). Irwin addressed the contention that a zoning commission has no discretion to deny a special exception if the commission's regulations and statutes are satisfied. The Supreme Court did not adopt this rule, however:
Although it is true that the zoning commission does not have discretion to deny a special permit when the proposal meets the standards, it does have discretion to determine whether the proposal meets the standards set forth in the regulations. If, during the exercise of its discretion, the zoning commission decides that all of the standards enumerated in the special permit regulations are met, then it can no longer deny the application. The converse is, however, equally true. CT Page 1019 Thus, the zoning commission can exercise its discretion during the review of the proposed special exception, as it applies the regulations to the specific application before it.
 If, in denying the special permit, the zoning commission construed the special exception regulations beyond the fair import of their language, then the zoning commission acted in an arbitrary and illegal manner.
(Citation omitted; emphasis in original.) Id., 628-29; see also QualitySand Gravel, Inc. v. Planning Zoning Commission, 55 Conn. App. 533
(1999).
The court must therefore review the record to determine whether the defendant in this case correctly applied its regulations to the evidence before it and in doing so, properly exercised its discretion. UnderProtect Hamden/North Haven from Excessive Traffic Pollution, Inc. v.Planning Zoning Commission, 220 Conn. 527, 544 (1991), where no formal reasons are given by the defendant, the court must "search the entire record to find a basis for the commission's decision. . . ." (Citations omitted; internal quotation marks omitted.) Id., 544.
Specific standards for gasoline filling stations are set forth in § 11-03.1 of the Southington zoning regulations. In addition, an applicant for a special exception to use the premises as a gasoline filling station must demonstrate that it satisfies the standards of § 15-05 of the Southington zoning regulations. Section 15.05.1 of the Southington zoning regulations requires that the use be in harmony with the development of the area where it is to be situated and that its operations "shall not be detrimental by reasons of dust, noise, odor, fumes, explosion, glare or otherwise." Section 15.05.2 of the Southington zoning regulations requires that traffic patterns not be made hazardous by the use.
The record discloses that the Pilot application meets the specific requirements of § 11-03.1 of the Southington zoning regulations. It further discloses, however, that the gasoline filling station's primary purpose was to serve as a stop for heavier truck traffic. (ROR, Docket No. 494845, Item 2, Transcript of Public Hearing, pp. 42-43, 75; Item 7, Memorandum dated March 22, 1999; Item 14, Memorandum dated January 26, 1999.) The record also contains evidence of traffic congestion resulting from the use of the site as well as poor air quality that would develop from the use. (ROR, Docket No. 494845, Item 7, Memorandum dated March 22, 1999; Item 14, Memorandum dated January 26, 1999.)[4] Board member CT Page 1020 Rustek pointed to the truck traffic projected to use the gasoline filling station and noted that it would be a "very hazardous health area." (ROR, Docket No. 494845, Item 9, Minutes of Meeting, pp. 22-23.)
In this regard, the case of Gulf Oil Corp. v. Board of Selectmen,144 Conn. 61, 65-66 (1956) is directly in point:
 The appeal was from the action of an administrative board, acting as the local authority by whom the question of the suitability of the proposed location for the sale of gasoline was to be determined, subject to an appeal to the Court. . . . The court cannot substitute its discretion for that reposed in the board. . . . The issue before the court was: Could the board reasonably conclude that the presence of the gasoline station at the location in question would unduly imperil the safety of the public?
 The facts bearing upon the effect of the operation of a gasoline service station upon traffic safety are not such that expert testimony was necessary for the enlightenment of the board. . . . Moreover, the board was not bound to adopt the opinion of the traffic engineer who stated that traffic conditions in the vicinity were such that the operation of the station at the proposed location would not create an unusual or undue hazard. . . . The board's members were entitled to regard any facts, concerning the location, traffic and surrounding circumstances, which they had learned by personal observation to the same extent as though they were offered in evidence. . . . The burden of proving that the board acted improperly was upon the plaintiff. We cannot assume that the board did not consider and comply with the requirements of the statutes as to the conditions necessary for its approval of the location.
 Courts must be scrupulous not to hamper the legitimate activities of civic administrative boards by indulging in a microscopic search for technical infirmities in their actions.
(Citations omitted). Gulf Oil Corp. v. Board ofSelectmen, supra, 65-66.
Based upon the standards indicated above, the court finds that the ZBA CT Page 1021 had sufficient grounds in the record to deny the special exception.
The plaintiffs also claims that the town planner erroneously interjected himself into the deliberations of the defendant. Such a claim may succeed, however, only on a showing of conflict of interest, coupled with prejudice. A. Aiudi Sons, LLC v. Plainville Planning and ZoningCommission, Superior Court, judicial district of New Britain, Docket No. 0483831 (May 10, 2000, Cohn, J.). None of the alleged "interruptions" at the public hearing or written memoranda by the town planner are sufficient to show this required conflict and prejudice. Indeed, he was only doing his assigned tasks in analyzing Pilot's application. Southington Zoning Regs., § 14.00; Gulf Oil Corp. v. Board of
Selectmen, supra, 144 Conn. 66; Buchwald v. University of Minnesota,573 N.W.2d 723 (Mm. 1998) (presumption of regularity for administrators). The appeal, Docket No. 494845, is dismissed.
With regard to the second appeal, Docket No. 496559[5], the town attorney stated in open court that the notice was defective on the portion of the new regulation that restricted the sale of gasoline in a business zone. He argues, however, that the remainder of the regulations requiring truck service centers to be established only in industrial zones are severable. The court disagrees and concludes that the regulations are not severable, but integral. The chairman of the defendant considered the regulations as a package. (Supplemental Return of Record ("Supplemental ROR"), Docket No. 496559, Item 19, Verbatim Transcript, p. 6.) This is also supported by the statement of Anderson, (Supplemental ROR, Docket No. 496559, Item 19, Verbatim Transcript, pp. 6-8), and the memorandum and attachments of the Town Planner. (ROR, Docket No. 496559, Item 4, Memorandum dated May 27, 1999.) Each regulation is an essential component of the effort to insure that Pilot's proposed gasoline filling station does not primarily service trucks and that development only occur in industrial zones. Therefore, the challenged regulations must fail in their entirety. See DeBeradinis v.Zoning Commission, 228 Conn. 187, 203 (1994); Gorman Construction Co. v.Planning Zoning Commission, 35 Conn. App. 191, 200 (1994).
The appeal, Docket No. 496559, is therefore sustained.
With regard to the appeal Docket No. 497726[6], the plaintiffs have stated that this appeal on the defendant's denial of a certificate of location, needed to proceed under § 14-321 of the General Statutes, cannot succeed if Pilot has failed to satisfy the zoning regulations of the town. See Plaintiffs' Brief, p. 14 ("The plaintiffs concede that case law allows a zoning board of appeals to deny a certificate of approval for a gasoline station in a zone in which that use is not allowed by the zoning regulations, because under those circumstances the location would CT Page 1022 not be suitable under section 14-322, even if the factors in the statute are met. Clark Heating Oils, Inc. v. Zoning Board of Appeals,159 Conn. 234, 239 [1970]; Sun Oil Co. v. Zoning Board of Appeals,154 Conn. 32, 36 [1966].").
The plaintiffs seek to distinguish Clark and Sun Oil first on the ground that the defendant did not state the failure to meet zoning as a reason for denial of the certificate of location. There were no specific reasons stated for the denial. (ROR, Docket No. 497726, Item 13, Meeting of the Zoning Board of Appeals held on August 24, 1999). As indicated above, the court must search the record to find a basis for the decision. Project Hamden at Protect Hamden/North Haven from ExcessiveTraffic Pollution, Inc. v. Planning Zoning Commission, supra,220 Conn. 544-45. Two transcript references show that the issue of the denial of the special zoning exception was before the ZBA and presented as an option for their decision. (ROR, Docket No. 497726, Item 11, Transcript, p. 22; Item 13, Agenda, Published Notices and Minutes of the Meeting of the Zoning Board, p. 25.)
Second, the plaintiffs argue in its brief that the defendant was incorrect in deciding that the special exception for its gasoline filling station was not appropriate. Since the court has indicated in the first appeal that this decision was correct and has dismissed the plaintiffs' appeal in Docket No. 494845, the zoning deficiency does exist. Therefore, the appeal, Docket No. 497726, on the certificate of location must also be dismissed. Clark Heating Oils, Inc. v. Zoning Board of Appeals, supra, 159 Conn. 234 (1970).
Henry S. Cohn, Judge